**Sam FULLER, Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF REVE-
NUE, MOTOR VEHICLE DIVISION,
Defendant-Appellee.**

No. 79CA0500.

Colorado Court of Appeals,
Div. II.

Dec. 6, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied May 5, 1980.

Ellwood & Ellwood, Henry V. Ellwood, Denver, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant-appellee.

RULAND, Judge.

Plaintiff, Sam Fuller, appeals from a judgment sustaining a 10–month suspension of his driver's license by the Department of Revenue. We affirm.

The record reflects that Fuller was convicted of a number of traffic offenses, resulting in his accumulating 22 points in 12 months, and 31 points within two years. After considering both the aggravating and mitigating circumstances as directed by Department of Revenue Regulation 2–123.11, 1 *Code Colo.Reg.* 204.8, the hearing officer entered an order suspending Fuller's license pursuant to § 42–2–123(1)(a), C.R.S.1973 (1978 Cum.Supp.), set the length of suspension at 10 months, and denied Fuller's request for a probationary license. In each of these decisions, the hearing officer considered, as one aggravating factor, a 6 points speeding conviction Fuller received in the Morrison municipal court.

On appeal, Fuller concedes that he had accumulated sufficient points to justify the suspension even without consideration of the Morrison ticket. He does contend, however, that the hearing officer's consideration of that ticket, both on the issue of suspension, and for the purpose of denying him a probationary license, was error. In support of this contention, Fuller points out that the Morrison municipal court was not a court of record, that he had appealed that conviction to the Jefferson county court and secured a trial *de novo* pursuant to § 13–10–116, C.R.S.1973, and that the case is still pending. Fuller reasons that his conviction may not be deemed a "final conviction" because he is entitled to a trial *de novo*. We find no merit in this contention.

Section 42–2–123, C.R.S.1973, provides that a "conviction" includes a conviction in

any court of record or municipal court. Section 42–2–121(3), C.R.S.1973, authorizes the Department "to suspend a driver's, minor driver's, or provisional driver's license pending any final determination of a conviction on appeal."

And, while the method of review consists of a *"de novo"* trial in the county court, it is, nevertheless, an appeal. Section 13–10–116, C.R.S.1973, states in pertinent part:

> "*Appeals* may be taken by any defendant from any judgment of a municipal court which is not a qualified municipal court of record to the county court of the county in which such municipal court is located . . . ." (emphasis added)

We hold, therefore, that the Department did not err in considering both the Morrison municipal court conviction and the traffic points resulting therefrom in determining whether Fuller's license should be suspended, the length of that suspension, and whether a probationary license should be granted.

We have considered Fuller's other contentions and conclude that they lack merit.

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.