389 Mass. 599 (1983)
451 N.E.2d 429
RICHARD E. BROWN, JR.
vs.
BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS & another.[1]
Supreme Judicial Court of Massachusetts, Norfolk.
March 7, 1983.
July 5, 1983.
Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.
Nicole C. Kermish (Eugene A. Reilly with her) for the plaintiff.
Charles E. Walker, Jr., Assistant Attorney General, for the defendants.
LIACOS, J.
The plaintiff, Richard E. Brown, Jr., appeals from a judgment of the Superior Court which affirmed the decision of the defendant Board of Appeal on Motor Vehicle Liability Policies and Bonds (board). The board's decision upheld an earlier action of the defendant Registrar of Motor *600 Vehicles (Registrar), refusing to reinstate Brown's license. Brown filed a timely notice of appeal from the judgment of the Superior Court, and we transferred the case to this court on our own motion. We affirm.
On January 12, 1982, Brown was found guilty by a judge of the Wrentham Division of the District Court Department of operating a motor vehicle while under the influence of intoxicating liquor and of operating a motor vehicle recklessly. After receiving notice of the convictions, the Registrar, on February 9, 1982, revoked Brown's operator's license. See G.L.c. 90, § 24 (1) (b), as appearing in St. 1964, c. 200, § 1, and § 24 (2) (b), as amended by St. 1964, c. 200, § 4. Brown then appealed, requesting a trial de novo in the jury of six session of the District Court. On March 16, 1982, Brown appeared before a judge of the District Court, sitting in the jury of six session. Brown agreed to participate in an alcohol education program, and his case was continued without a finding, for one year, until March 16, 1983.
On March 24, 1982, Brown requested that the Registrar return his license. The Registrar denied the request, stating that the license was to remain "revoked until case is terminated in favor of [the] defendant." Brown appealed the Registrar's action to the board. See G.L.c. 90, § 28. After a hearing, the board affirmed the Registrar's action.
Brown's claim is that he was entitled to retain his license, pending completion of an alcohol education program, once his case was continued without a finding in the jury of six session. He argues that G.L.c. 90, § 24D, as amended by St. 1975, c. 758, § 4, and § 24E, as appearing in St. 1975, c. 505, § 2, provided for an alternative disposition for persons who enroll in an alcohol education program and required the Registrar to reinstate the license once a case was continued without a finding. We disagree.[2]
*601 We turn to consider the language of G.L.c. 90, §§ 24, 24D, and 24E, as they existed at the time of Brown's conviction.[3] General Laws c. 90, § 24 (1) (b), provided, in relevant part, that a person who has been convicted of operating of motor vehicle while under the influence of intoxicating liquor shall have his license revoked immediately by the Registrar and that "no appeal ... shall operate to stay the revocation of the license."[4] General Laws c. 90, § 24 (1) (c), as amended through St. 1974, c. 647, § 2, provided, in relevant part, that "[t]he registrar, after having revoked the license ... shall not issue a new license ... to such person, except in his discretion if the prosecution of such person has terminated in favor of the defendant ... until one year after the date of revocation following a conviction ... except as provided in section twenty-four D."[5]
Read literally, the statute imposed a duty on the Registrar to revoke, for one year, the license of a person convicted of operating a motor vehicle while under the influence of intoxicating liquor unless the prosecution has terminated in *602 favor of that person. Since a conviction after a bench trial was a conviction within the meaning of the statute, G.L.c. 90, § 24 (1) (d), the Registrar was bound to revoke the license. The Registrar was not relieved of that duty because Brown appealed his conviction to the jury of six session. G.L.c. 90, § 24 (1) (b). Further, a continuance without a finding was not a termination of the prosecution in Brown's favor, Commonwealth v. Eaton, 11 Mass. App. Ct. 732, 737 (1981), and did not serve to relieve the Registrar of his duty to revoke the license for a period of at least one year. This general scheme has not been thought to offend constitutional principles. See Boyle v. Registrar of Motor Vehicles, 368 Mass. 141 (1975); Almeida v. Lucey, 372 F. Supp. 109 (D. Mass.), aff'd, 419 U.S. 806 (1974). See also Ludwig v. Massachusetts, 427 U.S. 618, 622 (1976) (noting that conviction after a bench trial may have adverse collateral consequences for a defendant).
Brown argues, however, that once he enrolled in an alcohol education program and had his case continued without a finding, the terms of G.L.c. 90, §§ 24D[6] and *603 24E,[7] required the Registrar to issue a new license.[8] He seeks to draw an inference from certain language of § 24E, which provided that a license may be revoked in certain circumstances.[9] He claims that this language is evidence that the Legislature intended that every person who has had his case continued before the jury of six session and entered an alcohol education program would have a new license issued to him, regardless of a bench trial conviction.
Reliance on either § 24D or § 24E does not carry the day for Brown. Section 24D did not contemplate any automatic issuance of a new license. It only states that the Registrar *604 is to report to the court "whether said person should later be eligible for early reinstatement of his license." G.L.c. 90, § 24D. Section 24E did not support Brown's position either. It provided a means through which a person may obtain an early dismissal of the charge. If the charge were dismissed, the prosecution would be terminated in the defendant's favor, and the Registrar would be authorized to issue the person a new license. The language which Brown points to would then be relevant. The license obtained after the dismissal of the charges could be revoked later if the court determined that either the person has failed to comply satisfactorily with the driver alcohol education program or the person's operation of a motor vehicle constituted a threat to the public safety. Thus, this language does not manifest a legislative intent that a new license will be issued before a termination of the prosecution in favor of the defendant. The Registrar therefore had no authority on March 24, 1982, to issue a new license to Brown.[10]
Judgment affirmed.
NOTES
[1] Registrar of Motor Vehicles.
[2] The board has raised the issue whether the case is moot, given that one year has passed since the revocation of the license. See Arnold v. Panora, 593 F.2d 161 (1st Cir.1979). Thus, the Registrar would appear to have the authority to reinstate Brown's license, but the statute by its terms does not require that he do so. During oral argument before this court, Brown's counsel represented that Brown had not received his license. Since there is a live dispute between the parties until Brown receives his license, the case does not appear to be moot.
[3] The amendment of these statutes by St. 1982, c. 373, is not applicable to this case.
[4] General Laws c. 90, § 24 (1) (b), as appearing in St. 1964, c. 200, § 1, provided: "A conviction of a violation of the preceding paragraph of this section shall be reported forthwith by the court or magistrate to the registrar, who shall revoke immediately the license or the right to operate of the person so convicted, and no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or right to operate."
[5] General Laws c. 90, § 24 (1) (c), as amended through St. 1974, c. 647, § 2, provided, in part: "The registrar, after having revoked the license or the right to operate of any person under the preceding paragraph of this section, shall not issue a new license or reinstate the right to operate to such person, except in his discretion if the prosecution of such person has terminated in favor of the defendant, until five years after the date of revocation following a conviction of a violation of paragraph (a) hereof committed within six years after conviction of a violation of said paragraph, nor until one year after the date of revocation following a conviction of any violation of said paragraph other than one committed within six years as aforesaid except as provided in section twenty-four D...."
[6] General Laws c. 90, § 24D, as appearing in St. 1975, c. 505, § 1, provided, in relevant part: "Any person convicted of or charged with operating a motor vehicle while under the influence of intoxicating liquor may if he consents, be placed on probation for one year and shall, as a condition of probation, be assigned to a driver alcohol education program as provided herein and, if deemed necessary by the court, to an alcohol treatment or rehabilitation program or to both as provided herein....

"In order to qualify for disposition under this section, said person shall cooperate in an investigation conducted by the probation staff of the court for the supervision of cases of operating under the influence of intoxicating liquor in such manner as the commissioner [of] probation shall determine. After a conviction or any other finding, the case shall be continued for fourteen days for disposition, at which time a report shall be made to the judge.
"Said report shall be uniform in content and format throughout the commonwealth and shall include but shall not be limited to a copy of said person's driving record and other records obtained from the registrar, or other person designated by him, pertaining to said person's operation of a motor vehicle as well as any recommendation by the registrar as to whether said person should later be eligible for early reinstatement of his license. The court shall report the disposition or finding of any such case to the registrar. Following disposition, the probation officer supervising a person pursuant to the provisions of this section shall maintain a written and current report which shall include but shall not be limited to consideration of said person's participation in any program in which he has been placed as a condition of probation as well as to a consideration of his drinking and driving behavior."
[7] General Laws c. 90, § 24E, as appearing in St. 1975, c. 505, § 2, provided, in relevant part: "The probation officer supervising a person pursuant to the provisions of this section shall make a written report to the court if such person has failed to satisfactorily comply with a court ordered program or if such person's operation of a motor vehicle constitutes a threat to the public safety. Upon receipt of such report the court shall forthwith hold a hearing on the matter. If at such hearing the court shall determine that said person has failed to satisfactorily comply with said program or that said operation of a motor vehicle constitutes such a threat, the court shall forthwith notify the registrar of said finding and the registrar shall forthwith and without further hearing revoke said person's license or right to operate. Such revocation shall be for the remainder of the one year period from the date of revocation provided in paragraph (c) of subdivision (1) of section twenty-four. Said person shall thereafter be subject to the same conditions for issuance of a new license or right to operate as any person applying for a new license or right to operate following revocation as provided in paragraph (c) of subdivision (1) of section twenty-four."
[8] There is no evidence in the record that Brown has ever been convicted of a violation of G.L.c. 90, § 24 (1) (a), within six years of his conviction. See G.L.c. 90, § 24 (1) (c).
[9] The language of § 24 (1) (c), which provided that the Registrar shall not issue a new license for one year following the revocation, contained the phrase, "except as provided in section twenty-four D." Section 24E stated that "[t]he provisions of section 24D and this section shall apply to persons convicted or charged with operating a motor vehicle while under the influence of intoxicating liquor."
[10] Given our view that the Registrar had no authority to issue a new license, we need not address whether the board's statement of reasons was adequate.