375 S.E.2d 196

**James VANKIRK**

v.

**William R. YOUNG and Wild Bill's Auto Sales and Service, Inc.**

**No. 17936.**

Supreme Court of Appeals of West Virginia.

Nov. 17, 1988.

Kevin S. Kaufman, Pierson & Kaufman, Charleston, for William R. Young and Wild Bill's Auto.

Carl D. Andrews, Thomas E. Scarr, Bowles, McDavid, Graff & Love, Charleston, for James VanKirk.

BROTHERTON, Justice:

This is an appeal from an order entered on February 27, 1987, by Kanawha County Circuit Court Judge Herman Canady, holding that W.Va.Code § 31-1-134 (1988), which describes the right of majority shareholders in a corporation to avoid dissolution

by purchasing the stock owned by the parties seeking dissolution, is not applicable where the only shareholders are each owners of one-half of the corporation's stock. The appellant, William R. Young, contends that Judge Canady erred in ruling that the buy-out provisions of W.Va.Code § 31-1-134 (1988) are not available to Young and asks that this Court enter an order granting Young the right to purchase the appellee James VanKirk's shares in their jointly owned corporation pursuant to W.Va.Code § 31-1-134 (1988). In the alternative, the appellant asks this Court to reverse Judge Canady's decision and remand this case to the circuit court for a factual determination as to whether a buy-out of VanKirk's shares by Young can be achieved pursuant to W.Va.Code §§ 31-1-41 and 31-1-134 (1988) as a less drastic alternative to dissolution.

## I.

In the spring of 1984, William R. Young and James VanKirk formed a close corporation known as Wild Bill's Auto Sales and Service, Inc. ("Wild Bill's"), a used automobile dealership. The parties anticipated that Mr. Young would be responsible for overseeing the day-to-day operations of the business. Almost immediately, however, Young and VanKirk disagreed about their rights and responsibilities as well as their authority within the corporation. In January, 1985, VanKirk filed a civil complaint in Kanawha County Circuit Court against Young and Wild Bill's, alleging several fraudulent acts by Young and stating that he and Young, the corporation's sole shareholders, were hopelessly deadlocked in the management of the corporation. VanKirk requested various forms of relief, including the dissolution of the corporation. Young counterclaimed and asked that the court order VanKirk to sell his stock in Wild Bill's to Young pursuant to W.Va.Code § 31-1-134 (1988). VanKirk amended his original complaint in February, 1986, charging Young with additional fraudulent activity. Young answered these allegations and filed another counterclaim, once again indicating his desire to purchase VanKirk's stock.

With the approval of the parties, on November 17, 1986, Kanawha County Circuit Court Judge Herman Canady referred this matter to Special Commissioner Thomas Hayes, who was to hear the evidence and attempt to resolve the factual disputes. However, Judge Canady reserved for his own determination the legal question of whether VanKirk could be required, as the holder of one-half of the issued and outstanding stock in Wild Bill's, to sell his shares to Young under the forced buy-out provisions of W.Va.Code § 31-1-134 (1988).

In his February 27, 1987, order, Judge Canady ruled that the buy-out provisions of W.Va.Code § 31-1-134 (1988) were not applicable in this case and that neither VanKirk nor Young could be required to sell or transfer his stock or interest in Wild Bill's to the other. On April 6, 1987, Young appealed Judge Canady's order. The sole issue now before this Court on appeal is whether a 50% shareholder of a corporation may invoke the buy-out provision of W.Va. Code § 31-1-134 (1988) against another 50% shareholder.[1]

## II.

The West Virginia Corporation Act, W.Va.Code § 31-1-1, *et seq.*, contains two sections which permit minority sharehold-

---

1. In his order Judge Canady stated that dissolution was appropriate in this case because one of the grounds for dissolution, set forth in W.Va. Code § 31-1-41(a) (1988), was established by the evidence presented: a hopeless deadlock between the equal shareholders of the corporation. W.Va.Code § 31-1-41(a)(1) (1988) states:

    (a) Any of the circuit courts or inferior courts of record with general civil jurisdiction shall have full power to liquidate the assets and business or affairs of a corporation in an action by a shareholder or member when it is established:

    (1) That the directors are deadlocked in the management of the corporate affairs and that irreparable injury to the corporation is being suffered or is threatened by reason thereof, and either that the shareholders or members are unable to break the deadlock or there are no shareholders or members having voting rights;

    Because our decision need only determine the applicability of the buy-out provision of W.Va. Code § 31-1-134 (1988) to the facts of this case, we do not address the issue of whether a deadlock, as described in § 31-1-41(a)(1) (1988), exists in this situation.

ers to sue for liquidation and dissolution of their corporations. The older statute, W.Va.Code § 31–1–134 (1988), requires that a shareholder have at least a one-fifth interest in a corporation before petitioning a court for dissolution. However, W.Va. Code § 31–1–41 (1988) has no minimum interest requirement and thus a shareholder may sue for dissolution regardless of his ownership interest in the corporation.[2]

Noting certain language in our opinion in *Masinter v. WEBCO Co.*, 164 W.Va. 241, 249–50, 262 S.E.2d 433, 439 (1980), appellant Young now urges this Court to fashion a less drastic alternative to dissolution. Young argues that allowing him to buy out VanKirk's shares in Wild Bill's would be a less drastic alternative as it would permit VanKirk to leave the corporation with full compensation for his stock while at the same time allowing the corporation to continue in existence as an ongoing taxpayer and employer. However, whether Young is entitled to an alternative to the dissolution favored by VanKirk is not the question before us. We must simply ascertain whether W.Va.Code § 31–1–134 (1988) gives Young the right to force a buy-out of VanKirk's stock in Wild Bill's.

■ The buy-out provision of W.Va. Code § 31–1–134 (1988) is as follows:

> In any such action *the defendant holders of a majority of the shares of the outstanding stock of such corporation* shall have the right to avoid the appointment of a receiver or the dissolution of such corporation by purchasing the shares of stock owned by the plaintiffs at their fair cash value. (Emphasis added).

It is clear to this Court that the forced buy-out remedy is available to majority stockholders who are attempting to avoid a dissolution instigated by plaintiff-minority shareholders. However, in the case at bar, Young and VanKirk are equal shareholders in a close corporation, and neither of them can be properly characterized as either a majority or minority shareholder. We find no ambiguity in the language of the buy-out provision of W.Va.Code § 31–1–134 (1988). While it is unfortunate that the legislature did not foresee the situation

now before us, we cannot rewrite the statute so as to provide relief for equal shareholders, nor can we interpret the statute in a manner inconsistent with the plain meaning of the words. In syllabus point 5 of *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959), we stated that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."

In applying the plain meaning of W.Va. Code § 31–1–134 (1988) to the facts of this case, we find that where the shareholders in a close corporation each hold 50% of the corporation's outstanding stock, one shareholder cannot attempt to invoke the buy-out provision of W.Va.Code § 31–1–134 (1988), which permits only majority shareholders in a corporation to force a buy-out of the minority shareholders' stock. The decision of the Circuit Court of Kanawha County is affirmed.

AFFIRMED.

---

**2.** For a detailed analysis of these statutes, see Wells, "Involuntary Dissolution as a Remedy for Freeze-outs of Minority Shareholders: Two West Virginia Statutes", 88 W.Va.L.Rev. 47 (1985).