394 S.E.2d 889

**Robert L. CARNEY**

v.

**George T. SIDIROPOLIS, Commissioner, Department of Motor Vehicles.**

No. 19182.

Supreme Court of Appeals of West Virginia.

June 21, 1990.

Roger W. Tompkins, Atty. Gen., Andrew Tarr, Asst. Atty. Gen., Charleston, for George T. Sidiropolis, Commissioner.

David R. Gold, Gold, Khourey & Turak, Moundsville, for Robert L. Carney.

PER CURIAM:

This is an appeal by the Commissioner of the West Virginia Department of Motor Vehicles, from order of the Circuit Court of Marshall County reversing a ten-year license revocation. In lieu of the ten-year revocation, the circuit court ordered that the license of Robert L. Carney, the licensee in question, be suspended for a period of six months, with eligibility for reinstatement within ninety days in the event that Mr. Carney successfully completed a safety treatment program. On appeal, the appellant, who is responsible for license suspensions and revocations in this State, claims that the circuit court erred in reducing the period of the revocation. After reviewing the record and the questions presented, this Court agrees and reverses the decision of the circuit court.

On August 18, 1986, Robert L. Carney was arrested for driving under the influence of alcohol. After receiving notice of the arrest, the Department of Motor Vehicles revoked Mr. Carney's driver's license for six months in accordance with the provisions of *W.Va.Code*, 17C–5A–1(c), *et seq.*,

which provide for a six-month revocation for first-offense driving under the influence.

Mr. Carney petitioned the Department of Motor Vehicles for a hearing on the suspension, and on November 5, 1986, a hearing was held.

On November 7, 1986, two days after the hearing, but before the Commissioner entered a final ruling on the August 18, 1986 incident, Mr. Carney was again drinking and was arrested a second time for driving under the influence of alcohol. Following this arrest, the Department of Motor Vehicles revoked Mr. Carney's driver's license for a period of ten years. The ten-year revocation period was predicated on the fact that the revocation was Mr. Carney's second revocation. Mr. Carney petitioned for an administrative hearing on the November 7, 1986 incident, and a hearing was held on June 24, 1987.

On August 19, 1987, the Commissioner entered a final revocation order on the first offense. Thereafter, on October 2, 1987, the Commissioner affirmed the ten-year revocation for the second offense.

Mr. Carney petitioned the Circuit Court of Marshall County for judicial review of the second license revocation. On appeal, he argued that he had appealed his first revocation and that his second arrest occurred before the appeal had been resolved and before he had received a final revocation on his first offense. He argued that since the first revocation had not become final, that revocation could not be relied upon to enhance the penalty for the second offense.

The circuit court essentially accepted Mr. Carney's argument and, by order dated December 7, 1988, modified the conviction for the second offense to provide that Mr. Carney's license be suspended for six months instead of ten years. The court also directed that Mr. Carney be eligible for reinstatement within ninety days should he successfully complete a safety treatment program. It is from the circuit court's ruling that the Commissioner now appeals.

In *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985), this Court examined the statutory provisions relating to the administrative revocation of licenses and recognized that the purpose of the administrative sanction of license revocation was to remove persons who had driven under the influence of alcohol and other intoxicants from the highways of the State. *See also, Stalnaker v. Roberts,* 168 W.Va. 593, 287 S.E.2d 166 (1981). The Court recognized that the revocation provisions were not penal in nature and that they should be read in accordance with the general intent of our traffic laws to protect the innocent public. The Court, in note 7 of *Shell v. Bechtold, supra,* also indicated that, under *W.Va.Code,* 17C–5A–2, a criminal conviction was not a necessary predicate for an administrative license revocation.

Although this Court has been unable to locate a case precisely like the one at bar, a number of jurisdictions have recognized that, where a conviction is required, once a conviction has been entered, a pending appeal does not bar a suspending body from considering the conviction. For example, in *Fuller v. Colorado Department of Revenue, Motor Vehicle Division,* 43 Colo. App. 404, 610 P.2d 1078 (1979), a driver was convicted of a traffic offense in a municipal court and received a number of "points" against his driving record. He appealed his municipal court conviction. Before resolution of the appeal, the Colorado Motor Vehicle Division attempted to revoke his license because of the number of points which he had accumulated. He challenged the consideration of the points arising from the municipal court conviction since that conviction was on appeal. The Colorado court held that the Department did not err in considering the points. Similarly, in *Brown v. Board of Appeal on Motor Vehicle Liability Policies,* 389 Mass. 599, 451 N.E.2d 429 (1983), the Massachusetts court held that a bench trial resulting in a conviction of operating a motor vehicle while under the influence of intoxicating liquor was a "conviction" within the meaning of a driver's licensing statute and that the registrar was bound to revoke a driver's license upon such a conviction and was not relieved of his duty to

do so because the driver appealed the conviction. Likewise, in *State v. Berres*, 270 Wis. 103, 70 N.W.2d 197 (1955), the Wisconsin court rejected a driver's contention that a conviction became final for the purpose of revoking an operator's license only after an appeal had been disposed of, or the time for an appeal expired. The South Carolina court reached a similar conclusion in *Parker v. State Highway Dept.*, 224 S.C. 263, 78 S.E.2d 382 (1953).

The administrative revocation statute in West Virginia, *W.Va.Code*, 17C–5A–2(i), provides that:

> If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol, controlled substances or drugs, or did drive a motor vehicle while having an alcoholic concentration in his blood of ten hundredths of one percent or more, by weight, or finds that the person, being an habitual user of narcotic drugs or amphetamine or any derivative thereof, did drive a motor vehicle, or finds that the person knowingly permitted his vehicle to be driven by another person who was under the influence of alcohol, controlled substances or drugs, or knowingly permitted his vehicle to be driven by a person who had an alcoholic concentration in his blood of ten hundredths of one percent or more, by weight, the commissioner, shall revoke the person's license for a period of six months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation shall be ten years: Provided, however, That if the commissioner has previously suspended or revoked the person's license more than once under the provisions of this section or section one [§ 17C–5A–1] of this article, the period of revocation shall be for the life of such person.

In construing statutes such as this, the Court has indicated that: "When a statute is clear and unambiguous and the legislative intent is plain, it is the duty of the courts to apply the statute in accordance with the legislative intent therein clearly expressed." Syllabus point 7, *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968). *See also, Gant v. Waggy*, 180 W.Va. 481, 377 S.E.2d 473 (1988); *Cummins v. State Workmen's Compensation Commissioner*, 152 W.Va. 781, 166 S.E.2d 562 (1969).

As previously indicated, in *Shell v. Bechtold, supra*, this Court found that the purpose of the license revocation laws in West Virginia is to protect the innocent public from individuals driving under the influence of alcohol. To carry out this intent, the legislature in *W.Va.Code*, 17C–5A–2(i), specifically indicated that a driver's license should be revoked for ten years "... if the Commissioner has previously suspended or revoked the person's license ..." under *W.Va.Code*, 17C–5A–1 or 17C–5A–2. The statute makes no reference to a "final" suspension or a suspension which has been finally tested on appeal.

This Court believes that it was the clear intent of the legislature to authorize the use of a prior revocation or suspension, even if it has not yet been fully tested on appeal, in enhancing the revocation period for a subsequent offense. Clearly, such a construction more clearly protects the innocent public from drunken drivers than does a construction which allows such drivers to continue operating their vehicles until the legal formalities of their cases have been concluded.

Given this fact and the fact that in similar situations the legislatures of other jurisdictions had reached analogous conclusions, this Court believes that a license suspension or revocation entered by the Commissioner of the Department of Motor Vehicles may be used by the Commissioner in enhancing the revocation or suspension period on a second offense even if the driver has appealed the Commissioner's first action and even if the appeal is unresolved at the time of the second incident of driving under the influence of alcohol.[1]

---

1. In *State ex rel. Vance v. Arthur*, 142 W.Va. 737, 98 S.E.2d 418 (1957), a case decided under a

 

The record of the case presently before the Court contains a copy of the Commissioner's order revoking Mr. Carney's license for his first arrest, which occurred on August 18, 1986. In that order, the Commissioner specifically found that Mr. Carney had driven a motor vehicle in the State while under the influence of alcohol. Also included in the record was a statement of the arresting officer which indicated that a breath test was taken at the time of the arrest on August 18, 1986, and that, in the officer's opinion, Mr. Carney was operating a vehicle while under the influence of alcohol.

Those findings were in the record at the time of the second arrest on November 7, 1986, and had not been set aside or reversed at the time of the second arrest, even though Mr. Carney had sought administrative review of the first findings and revocation.

This Court believes that the record shows that there was a factual basis for the Commissioner revoking Mr. Carney's license for ten years at the time he entered the revocation order.

In reversing the Commissioner's ten-year revocation, the Circuit Court of Marshall County stated:

> After careful considerations of the entire record, argument of counsel and their respective written memorandum, the court is of the opinion that the prior conviction relied upon for enhancement of penalty must be a final conviction.

As previously stated, this Court does not believe that a conviction or a revocation which has been finally tested on appeal is necessary for the enhancement of a revocation for ten years. All that is necessary is a showing that the Commissioner previously revoked the person's license for having more than ten one hundredths of one percent, by weight, of alcohol in his blood or for driving a motor vehicle under the influ-

ence of alcohol. The Court believes that in ruling otherwise the trial court erred.

The judgment of the Circuit Court of Marshall County is, therefore, reversed and this case is remanded with directions that the Commissioner's ten-year revocation of Mr. Carney's license be reinstated.

Reversed and remanded with directions.

---

prior revocation statute, the Court indicated that if a prior conviction was reversed on some ground that would render it a nullity, it could no longer serve as the basis of a revocation. In line with this, the Court believes that if Mr.

Carney's first revocation should be reversed on appeal in a manner which renders it a nullity, he should be entitled to reopen the second revocation.