625 S.E.2d 299

**Joseph W. McVEY Petitioner
Below, Appellee,**

v.

**Roger PRITT, Commissioner of the West
Virginia Division of Motor Vehicles,
Respondent Below, Appellant.**

No. 32581.

Supreme Court of Appeals of West Virginia.

Submitted: Sept. 14, 2005.

Filed: Nov. 29, 2005.

Nov. 30, 2005.

Harold B. Wolfe, III, Esquire, Princeton, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, for Appellant.

Justice BENJAMIN delivered the opinion of the Court.

Justice STARCHER dissents and reserves the right to file a dissenting opinion.

Justice DAVIS concurs and reserves the right to file a concurring opinion.

BENJAMIN, Justice.

This case is before the Court upon the appeal of the Commissioner of the Division of Motor Vehicles ("Commissioner") from the July 14, 2004, Order of the Circuit Court of Mercer County, West Virginia, in Civil Action No. 04–P–21–S, being an administrative

appeal styled *Joseph W. McVey, Petitioner, v. Roger Pritt, Commissioner West Virginia Division of Motor Vehicles, Respondent.* The order of the Circuit Court reversed an order of the Commissioner entered on or about August 12, 2003, which revoked Appellee's, Joseph W. McVey's ("McVey's"), driver's license for a period of ten years effective February 13, 2004. The ten-year revocation was pursuant to the provisions of W Va.Code § 17C–5A–2(i) (2004),[1] and was based upon (1) the Commissioner's finding following a hearing that McVey drove a motor vehicle while under the influence of alcohol ("DUI") on September 29, 2002, at the age of 21; and (2) McVey having had his driver's license suspended under the provisions of W. Va. Code § 17C–5A–1(c)(2004),[2] for driving a motor vehicle on May 26, 1998, at the age of 16, with "an alcohol concentration in his blood of two hundredths of one percent or more, by weight, but less than ten hundredths of one percent, by weight,"[3] which 1998 suspension was "within the ten years immediately preceding the date of [his] arrest"[4] for DUI at the age of 21.

Having considered the Appellant's petition for appeal, the record submitted to the court, the briefs of the Appellant and Appellee, and the oral argument of counsel, we reverse the circuit court's order of July 14, 2004, for the reasons stated below.

1. As of the date of McVey's arrest for DUI on September 29, 2002, subsection (i) of W. Va. Code § 17C–5A–2 in its relevant part read:

   If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol ... the commissioner shall revoke the person's license for a period of six months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section [W. Va.Code § 17C–5A–2] or section one of this article [W. Va.Code § 17C–5A–1] within the ten years immediately preceding the date of arrest, the period of revocation shall be ten years: ...[.]

   Subsection (i) as quoted was enacted by the Legislature in 1992 as a part of Chapter 139, Acts, Regular Session, and has not been changed since then. Except in three respects, the first proviso of subsection (i) has been similarly wording since the enactment of Chapter 159, Acts, Regular Session, 1981. It was then a part of subsection (c)(4) of W. Va.Code § 17C–5A–2, and did not have the words "or revoked," or the words "or section one of this article," or phrase "within the ten years immediately preceding the date of arrest." The proviso thus then read: "Provided, that if the commissioner has previously suspended the person's license under the provisions of this section, the period of revocation shall be ten years." In Chapter 138, Acts, Regular Session, 1983, the Legislature made what was subsection (c)(4), subsection (i) of W. Va.Code § 17C–5A–2 and inserted the words "or revoked" and the words "or section one of this article." In Chapter 139, Acts, Regular Session, 1992, the Legislature added the phrase "within the ten years immediately preceding the date of arrest" to make the first proviso of subsection (i) read as it does today. Finally, the Legislature amended the statute in 2004 to lower the blood alcohol concentration necessary for a finding of DUI. As the 2004 amendments do not effect the statutory provisions at issue herein, we cite to the 2004 statute.

2. As of the date of McVey's arrest on May 26, 1998, subsection (c) of W. Va.Code § 17C–5A–1 in its relevant part read:

   ... If the results of the test [described in subsection (b) of this section] indicate that at the time the test or tests were administered the person was under the age of twenty-one years and had an alcohol concentration in his or her blood of two-hundredths of one percent or more, by weight, but less than ten hundredths of one percent, by weight, the commissioner shall make and enter an order suspending the person's license to operate a motor vehicle in this state. A copy of the order shall be forwarded to the person by registered or certified mail, return receipt requested, and shall contain the reasons for the revocation or suspension and describe the applicable revocation or suspension periods provided for in section two of this article. No revocation or suspension shall become effective until ten days after receipt of a copy of the order.

   The first quoted sentence of subsection (c) was initially enacted by the Legislature in 1994 as a part of Chapter 111, Acts, Regular Session, and has not been changed since then with the exception that the Legislature in 2004, Chapter 87, Acts, Regular Session, changed "less than ten hundredths of one percent, by weight" to "less than eight hundredths of one percent, by weight." Thus, we shall cite the 2004 statute as the operative language at issue herein was not affected by the 2004 amendment.

3. W. Va.Code § 17C–5A–1(c) (1994). At the time of McVey's arrest on May 26, 1998, at the age of 16, McVey had an alcohol concentration of .054 in his blood. This statutory provision was amended in 2004 lower the upper limits of blood alcohol concentration from "ten hundredths of one percent" to "eight hundredths of one percent."

4. W. Va Code § 17C–5A–2 (i)(2004) *See* note 1, *supra.*

## I.

### FACTS AND PROCEDURAL BACKGROUND

Since the issue before the Court is limited to the legal question of whether the circuit court erred as matter of law in reversing the commissioner's revocation of McVey's driver's license for a period of ten years under the provisions of W. Va.Code § 17C–5A–2(i), and no factual issue is involved, the preceding discussion of the Commissioner's and circuit court's orders suffice as a presentation of the facts and procedural background of the case.

## II.

### STANDARD OF REVIEW

■ As the instant matter involves a question of law, the interpretation of a statute, we apply a *de novo* standard of review. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). ("Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.")

## III.

### DISCUSSION

■ The circuit court reversed the Commissioner's ten-year revocation of McVey's driver's license on two grounds: (1) the phrase "under the provisions of this section" in the first proviso of subsection (i) of W. Va.Code § 17C–5A–2 is ambiguous in that it is unclear whether subsection (1) of that section is "under [that] section"; and (2) this Court's decision in *Carney v. Sidiropolis,* 183 W.Va. 194, 394 S.E.2d 889 (1990), (*per curiam*), did not permit the Commissioner to revoke McVey's driver's license for a period of ten years under the provisions of the first proviso of subsection (i) of W. Va.Code § 17C–5A–2 since McVey's driver's license was only suspended, and not revoked, following his arrest at the age of 16.

We disagree. The circuit court erred in its view that McVey's driver's license had been suspended at age 16 "under this section",

referring to W. Va.Code § 17C–5A–2, and specifically to subsection (i) thereof. McVey's license, as McVey concedes in his brief, was administratively suspended at that age under the provisions of W. Va.Code § 17C–5A–1, specifically under subsection (c) of that section. Subsection (c) references W. Va.Code § 17C–5A–2 only for the purpose of determining the period of suspension. Except for the period of suspension, subsection (i) applies only if a person whose driver's license has been administratively suspended or revoked under W. Va.Code § 17C–5A–1:

The first proviso of subsection (i) of W. Va.Code § 17–C–5A–2 has two alternatives: "Provided, That if the commissioner has previously *suspended or revoked* the person's license under the provisions of *this section [W. Va.Code § 17C–5A–2] or section one of this article [W. Va.Code § 17C–5A–1]* within the ten years immediately preceding the date of arrest, the period or revocation shall be ten years[.]" (Emphasis added.) It is undisputed that the Commissioner suspended McVey's driver's license in 1998 under the provisions of W. Va.Code § 17C–5A–1, which was within ten years immediately preceding the day of his arrest on September 29, 2002, for DUI at the age of 21.

There is no ambiguity in the first proviso of subsection (i) of W. Va.Code § 17C–5A–2 which unequivocally refers to previous suspensions, as well as to previous revocations, under W. Va.Code § 17C–5A–1, including subsection (c) thereof, or W. Va.Code § 17C–5A–2, including subsection (i) thereof.

■ "Ambiguity is a term connoting doubtfulness, doubleness of meaning of indistinctness or uncertainty of an expression used in a written instrument. It has been declared that courts may not find ambiguity in statutory language which laymen are readily able to comprehend … Plain language should be afforded its plain meaning." *Crockett v. Andrews,* 153 W.Va. 714, 718–719, 172 S.E.2d 384, 387 (1970).

There is no doubtfulness, doubleness of meaning, indistinctness or uncertainty in the wording of subsection (i) of W. Va.Code § 17C–5A–2. When the previous suspension falls within the specified time period, the

Commissioner has no discretion. The Commissioner "shall" revoke the person's driver's license for a period of ten years according to the clearly expressed legislative intent in W. Va.Code § 17C–5A–2 (i).

■ It is not the prerogative of this Court to arbitrarily disregard the plain meaning of clearly written statutes. In *State v. Richards*, 206 W.Va. 573, 577, 526 S.E.2d 539, 543 (1999), we observed that " '[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there ... [i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled or rewritten ... [and][i]f the language of an enactment is clear and within the constitutional authority of the lawmaking body which passed it, courts must read the relevant law according to its unvarnished meaning, without any judicial embroidery.' " (internal citations and quotations omitted).

Both the circuit court and McVey cite *Carney v. Sidiropolis*, 183 W.Va. 194, 394 S.E.2d 889 (1990), (*per curiam*), as holding that a prior revocation, and not a prior suspension,[5] of a driver's license for DUI is required before a driver's license may be revoked for a period of ten years under the provisions of the first proviso of subsection (i) of W. Va. Code § 17–C–5A–2. This reliance is misplaced. In *Carney*, we expressed our belief that "a license suspension or revocation entered by the Commissioner of the Department of Motor Vehicles may be used by the Commissioner in enhancing the revocation or suspension period on a second offense even if the driver has appealed the Commissioner's first action and even if the appeal is unresolved at the time of the second incident of driving under the influence of alcohol." 183

W.Va. at 196, 394 S.E.2d at 891. The circuit court and McVey focused on this statement in *Carney:* "[a]ll that is necessary [for the enhancement of a revocation for ten years] is a showing that the commissioner previously revoked the person's license for having more than ten one hundredths of one percent, by weight, of alcohol in his blood or for driving a motor vehicle under the influence of alcohol." *Id.* at 197, 394 S.E.2d at 892. The Court's use of the verb "revoked" simply reflected the fact that Carney's license had previously been revoked under W. Va.Code 17C–5A–1(c). The Court in *Carney*, after first quoting subsection (i) of W. Va.Code 17C–5A–2 in its entirety, observed that " '[w]hen a statute is clear and unambiguous and the legislative intent is plain, it is the duty of the courts to apply the statute in accordance with the legislative intent therein clearly expressed.' " *Id.* at 196, 394 S.E.2d at 891 (quoting Syllabus Pt. 7, *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968)). We went on to state that "the legislature in *W. Va.Code § 17C–5A–2(i)*, specifically indicated that a driver's license should be revoked for ten years '... if the Commissioner has previously suspended or revoked the person's license ...' under *W. Va.Code § 17C–5A–1 or § 17C–5A–2.*" *Id.*

■ It may be argued that it is unduly harsh for a twenty-one year old person to have his or her driver's license revoked for ten years under the provisions of W. Va.Code § 17C–5A–2(i) because of a previous driver's license suspension at the age of sixteen under the provisions of either W. Va.Code § 17C–5A–1 or § 17C–5A–2. That, however, is a policy matter within the province of the Legislation and it is for the Legislature, not this Court, to decide. This court "cannot rewrite [a] statute so as to provide relief ... nor can we interpret the statute in a manner inconsistent with the plain meaning of the

---

5. A distinction, and perhaps the only distinction, between a suspension and a revocation of a driver's license under the provisions of sections one, one-a, and two of W. Va.Code § 17C–5A is as explained in *Hall v. Schlaegel*, 202 W.Va. 93, 99, 502 S.E.2d 190, 196 (1998): Wherein we stated "[t]he statutory scheme set forth in this State's motor vehicle laws clearly requires that once an operator's license has been revoked administratively, he must fulfill certain conditions before his license will be reinstated. W. Va.

Code § 17C–5A–3(b). The mere passage of the statutorily-provided period of revocation is not a triggering event for reissuance of an operator's license. *See id.* The definitional distinction between 'revocation' and 'suspension' makes clear that unlike a 'suspension' which automatically expires at the end of the designated period, a revocation requires the act of acquiring a new license to extinguish the status of an operator's license as revoked."

words." *VanKirk v. Young,* 180 W.Va. 18, 20, 375 S.E.2d 196, 198 (1988).

Since there is no ambiguity in the first provision of W. Va.Code § 17C–5A–2, which unequivocally refers to previous suspensions, as well as previous revocations, of a person's driver's license under W. Va.Code § 17–C–5A–1 or under W. Va.Code § 17–C–5A–2, and since McVey's previous suspension falls within the time period specified, the Commissioner of the Division of Motor Vehicles has no discretion. The Commissioner "shall" revoke the person's driver's license for a period of ten years according to the clearly expressed legislative intent in W Va.Code § 17C–5A–2(i). Accordingly, we hold that the plain language of W. Va.Code § 17C–5A–2(i) requires the Commissioner of the Division of Motor Vehicles to revoke a person's driver's license for a period of ten years when that person's driver's license has been previously suspended or revoked within the ten years immediately preceding the date of arrest for driving while under the influence of alcohol upon which the subsequent revocation is based and reverse the decision of the circuit court.

## IV.

## CONCLUSION

For the reasons stated above, the July 14, 2004 Order of the Circuit Court of mercer County is hereby reversed, and this matter is remanded to that court for the entry of an order reinstating the commissioner's order entered on or about August 12, 2003, which revoked Appellee's, Joseph W. McVey's, driver's license for a period of ten years.

Reversed and remanded with directions.

DAVIS, J., concurring.

I believe the majority opinion reaches the correct result. In this case, the circuit court reversed the Commissioner's [1] revocation of a driver's license for a period of ten years for a second offense DUI within ten years of the driver's first DUI violation. The circuit court found that the Commissioner had improperly enhanced Mr. McVey's license revocation period based upon his first offense, which resulted in a suspension of his driver's license for driving under the age of twenty-one with a measurable amount of alcohol. The majority opinion correctly reversed the decision of the circuit court, and I have chosen to write separately to articulate the logic I applied in arriving at this conclusion.

On May 26, 1998, at the age of sixteen, Mr. McVey was arrested for driving with a measurable amount of alcohol.[2] His driver's license was suspended for a period of sixty days pursuant to W. Va.Code § 17C–5A–1 (1994) (Repl.Vol.2000), which states, in pertinent part:

> (a) Any person who is licensed to operate a motor vehicle in this state and who drives a motor vehicle in this state shall be deemed to have given his or her consent by the operation thereof, subject to the provisions of this article, to the procedure set forth in this article for the determination of whether his or her license to operate a motor vehicle in this state should be revoked because he or she ... did drive a motor vehicle while under the age of twenty-one years with an alcohol concentration in his or her blood of two hundredths of one percent or more, by weight, but less than ten hundredths of one percent, by weight.
>
> . . . .
>
> (c) .... If the results of the tests indicate that at the time the test or tests were administered the person was under the age of twenty-one years and had an alcohol concentration in his or her blood of two hundredths of one percent or more, by weight, but less than ten hundredths of one percent, by weight, the commissioner shall make and enter an order suspending the person's license to operate a motor vehicle in this state....
>
> . . . .
>
> (f) .... [I]f the commissioner determines that the results of the tests indicate

---

1. F. Douglas Stump replaced Roger Pritt as the Commissioner of the West Virginia Division of Motor Vehicles, effective January 1, 2004.

2. The Intoxilyzer ticket showed a blood alcohol content of .054.

that at the time the test or tests were administered the child had, in his or her blood, an alcohol concentration of two hundredths of one percent or more, by weight, but also determines that the act of the child in driving the motor vehicle was not such that it would provide grounds for arrest for an offense defined under the provisions of subsection (a), (b), (c), (d), (e), (f) or (g), section two, article five of this chapter if the child were an adult, the commissioner shall make and enter an order suspending the child's license to operate a motor vehicle in this state. If the commissioner determines that the act of the child in driving the motor vehicle was such that it would provide grounds for arrest for an offense defined under the provisions of subsection (a), (b), (c), (d), (e), (f) or (g), section two, article five of this chapter if the child were an adult, the commissioner shall make and enter an order revoking the child's license to operate a motor vehicle in this state....

Thereafter, on September 29, 2002, at the age of twenty-one, Mr. McVey was again arrested for DUI. The Commissioner revoked Mr. McVey's privilege to drive a motor vehicle in this State for a period of ten years, commensurate with W. Va.Code § 17C–5A–2(I) (2000) (Repl.Vol.2000), which provides, in pertinent part:

(I) If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol,... the commissioner shall revoke the person's license for a period of six months: Provided, That if the commissioner has previously suspended or revoked the person's license under the provisions of this section or section one [§ 17C–5A–1] of this article within the ten years immediately preceding the date of arrest, the period of revocation shall be ten years ....

Given the statutory nature of the applicable law, a review of the various canons of statutory construction is instructive to my analysis of the majority's rationale underlying its decision of this case.

When examining an issue requiring statutory construction, it is first necessary to determine the expression of legislative intent evident in the subject statute. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). "Once the legislative intent underlying a particular statute has been ascertained, we proceed to consider the precise language thereof." *State ex rel. McGraw v. Combs Servs.*, 206 W.Va. 512, 518, 526 S.E.2d 34, 40 (1999). If the language employed by the Legislature in the given enactment is plain, such provision should be applied, and not construed. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord DeVane v. Kennedy*, 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not construed." (citations omitted)).

Prominent in this mandate to the Commissioner is the Legislature's use of the word "shall". This Court repeatedly has held that "[i]t is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. pt. 1, *Nelson v. West Virginia Pub. Employees Ins. Bd.*, 171 W.Va. 445, 300 S.E.2d 86 (1982). *Accord* Syl. pt. 6, *State v. Myers*, 216 W.Va. 120, 602 S.E.2d 796 (2004), *cert. denied*, 543 U.S. 1075, 125 S.Ct. 925, 160 L.Ed.2d 813 (2005). *See also State ex rel. Brooks v. Zakaib*, 214 W.Va. 253, 264–65, 588 S.E.2d 418, 429–30 (2003) ("Ordinarily, the word 'shall' has a mandatory, directory connotation." (citations omitted)); *State v. Allen*, 208 W.Va. 144, 153, 539 S.E.2d 87, 96 (1999) ("Generally, 'shall' commands a mandatory connotation and denotes that the described behavior is directory, rather than discretionary." (citations omitted)).

As noted above, statutory language that is plain should be applied as written and not construed. *See, e.g.*, Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488. That

said, it is clear that the language of W. Va.Code § 17C–5A–2(I) plainly imposes a mandatory period of revocation of ten years. Accordingly, because Mr. McVey had a previous offense, the ten-year revocation is mandatory. *See* W. Va.Code § 17C–5A–2(I) ("[I]f the commissioner has previously suspended or revoked the person's license ... within the ten years immediately preceding the date of arrest, the period of revocation *shall* be ten years[.]" (emphasis added)). Thus, because Mr. McVey had a prior offense for DUI, his punishment was properly enhanced by the Commissioner pursuant to W. Va.Code § 17C–5A–2(I). Therefore, the majority was correct in reversing and remanding the circuit court's decision, which found that Mr. McVey's prior suspension could not be used for enhancement purposes.

In view of the foregoing, I concur.

STARCHER, J., dissenting.

I am not persuaded that the Legislature, when it decided to create the ".02–.08 blood alcohol level suspension" for drivers under twenty-one, intended that a subsequent offense, when a person is over 21, would mean an automatic ten-year license suspension. Absent clear statutory language evidencing such a Legislative intent, I would not infer it—as the majority has done. Accordingly, I dissent.