PER CURIAM.
This is an appeal by the Logan County Sheriffs’ Civil Service Commission from a November 28, 1990, order of the Circuit Court of Logan County granting the appel-lees, Gerald King and William Simpkins, reinstatement to their positions of employment, back pay, costs, and a statutory attorney fee of $500. The appellant appealed that decision to this Court and contended that the appellees were not entitled to such relief. We granted the petition for appeal only as to the issues of back pay, costs, and attorney fees. We conclude that the appel-lees were not entitled to such relief and reverse the decision of the Circuit Court of Logan County only to the extent that such relief was granted.
I.
On December 28,1988, appellee Sergeant King was promoted to lieutenant and appel-lee Corporal Simpkins was promoted to sergeant. Logan County Sheriff Thomas Tomblin made those promotions three days prior to the expiration of his term of office. On January 10,1989, Corporal Russell Mar-cum filed a written objection to the promotions on the grounds that certain promotional guidelines had not been followed and that Sergeant Jerry Tabor and Corporal Marcum were next in line to receive the contested promotions. The appellant did not hold an evidentiary hearing on Corporal Marcum’s objection, but entered a January 31, 1989, order holding the promotions void ab initio and directing the new sheriff, Oval D. Adams, to vacate the promotions and return the appellees to their former positions. The appellant stated in that order that a written opinion detailing its position would be forthcoming. The appellees neither filed a written objection to their demotions nor demanded a hearing pursuant to West Virginia Code § 7-14-17 (1990).[1]
*512 Over a year after the January 31, 1989, order, the appellees advised the appellant that they wished to appeal the order and explained that they had been waiting for the written opinion of the appellant, as referenced in the original order. On March 30, 1990, the appellees filed a petition for a writ of mandamus demanding the appellant to furnish a written statement explaining the reasons for the demotions from the positions of lieutenant and sergeant. That petition basically alleged that the appellant had failed to promulgate and follow specific rules and regulations pertaining to promotions. The appellees requested reinstatement, back pay, costs, and attorneys fees. Neither Russell Marcum nor Sheriff Oval Adams were included as parties.
Evidentiary hearings were held before the Circuit Court of Logan County on June 7, 1990, and August 15, 1990. The appel-lees introduced evidence regarding a certain promotional plan which had allegedly been in effect within the appellant commission. The appellees maintained that the appellant never informed Sheriff Tomblin that a promotional plan based specifically upon tests scores should be utilized when making promotions within the ranks of the deputies. Although Sheriff Tomblin was apparently aware of a “promotional master list” from which individuals qualified for promotions could be chosen, he explained that he was unaware of any policy whereby the individual with the highest score on a promotional test would be given first priority. Sheriff Tomblin determined that he could make promotional decisions based upon a wide variety of factors, including test scores. Sheriff Tomblin explained that he promoted only those individuals who had been certified by successfully passing the tests given by the appellant. He also considered an individual’s experience, qualifications, fitness for a particular job, past performance, abilities, and other factors. Based upon such an evaluation, Sheriff Tomblin had appointed the appellees.
*513 Several witnesses, including members of the board of the appellant, testified regarding the arbitrary approach utilized by the appellant in regulating promotional decisions. Board member John Bennett, for instance, explained that the “promotional system ... [has] basically gone haywire for years based on the failure of the Commission to promulgate rules and regulations for the sheriffs of Logan County to go by whenever they make appointments to pro-motions_” Various officers also testified that they had been promoted without taking the competitive examination or had failed it but had been promoted anyway. Several witnesses presented credible evidence that several promotions were made without regard to any competitive examination.
Based upon the information presented, the Circuit Court of Logan County ruled that the appellees were entitled to immediate reinstatement, and the court awarded back pay, costs, and attorney fees of $500. The appellant thereafter filed a motion for relief from the judgment on the grounds that Sheriff Adams was an indispensable party to an action in which such relief was granted. An appeal was then lodged in this Court.
II.
We accepted the petition for appeal exclusively upon the issues of back pay, costs, and attorney fees, and the appellant has enumerated two assignments of error regarding those issues. First, he contends that the lower court erred in granting relief to the appellees through West Virginia Code § 7-14-17 since the Sheriff of Logan County was not named a party to this action. Second, the appellant contends that it was error for the lower court to order the relief sanctioned by West Virginia Code § 7-14-17 when the appellees did not file their action under §§ 7-14-1 to -21, as amended.
The appellees contend that West Virginia Code § 7-14-17 mandates an attorney fee award where a deputy is reinstated after a finding of illegal demotion. Moreover, the appellees assert that they have effectively exercised their statutory right to “seek in lieu of an appeal, a writ of mandamus.” W.Va.Code § 7-14-17(b).
Although the appellants do not contend that back pay and attorney fee awards are only available upon appeal, they do contend that back pay and attorney fee awards are only available for actions that are properly prosecuted under West Virginia Code § 7-14-17. The appellees advance the basic argument that since the appellees’ action was filed under West Virginia Code § 53-1-1 (1991), regarding writs of mandamus, it cannot be considered an appeal filed pursuant to West Virginia Code §§ 7-14-1 to - 21. Consequently, the appellants contend that the appellees may not avail themselves of the remedies provided in West Virginia Code § 7-14-17. Despite the various allegations of inappropriate promotional practices, we have accepted this matter to address only the issue of procedural error and have permitted the lower court’s determination with regard to reinstatement to stand.
West Virginia Code § 7-14-17 governs the removal, discharge, suspension, and reduction in rank or pay of deputy sheriffs. It provides the procedural scheme through which a complaint of alleged inappropriate promotions may progress. “W.Va.Code, 7-14-17 (1981), requires the award of back pay and certain limited attorney’s fees when a deputy sheriff is reinstated by a deputy sheriff's] civil service commission.” Syl.Pt. 2, Liller v. West Virginia Human Rights Comm’n, 180 W.Va. 433, 376 S.E.2d 639 (1988). (emphasis supplied).
In the present case, however, the appel-lees, upon learning of their demotion by the appellant, did not follow the administrative procedure set forth and did not exercise their statutory right to request a public hearing through the civil service commission. On March 30, 1990, they proceeded directly to the circuit court and petitioned that court for a writ of mandamus directing the appellant to furnish a written statement explaining the reasons for their demotion. Evidence was introduced, and the Circuit Court of Logan County ordered re *514 instatement, back pay, costs and attorneys fees. All this was accomplished through the filing of a writ of mandamus through the lower court. That procedure does not, however, conform to the procedural guidelines set forth in West Virginia Code § 7-14-17 as discussed above. The procedure set forth in the statute permits a deputy to proceed with the administrative remedy in the civil service commission, appeal that decision to the circuit court if desired, or seek a writ of mandamus in this Court. In this case, the appellees did not exhaust their administrative remedy of seeking action by the civil service commission. Moreover, they failed to join Sheriff Oval Adams as a party. Sheriff Adams is a necessary party to any action in which back pay, to be paid through his authority, is awarded. If the appellees had proceeded under West Virginia Code § 7-14-17, then any adverse decision could have been appealed to the circuit court and again, if necessary, to this Court. Without having exhausted their administrative remedies as clearly set forth in West Virginia Code § 7-14-17, however, the appellees cannot expect to avail themselves of the remedies provided in that statute. By proceeding in the circuit court and joining only the civil service commission, the appellees have limited themselves to the remedy of reinstatement.
We discussed the issue of exhaustion of administrative remedies in Hall v. Protan, 156 W.Va. 562, 195 S.E.2d 380 (1973). In Hall, we explained that allegations involving inappropriate action must be presented in a “procedurally correct manner_” 156 W.Va. at 568, 195 S.E.2d at 383. We concluded that deputy sheriffs dismissed due to alleged political activity were not entitled to mandamus to require reinstatement when the material facts surrounding the dismissal were disputed and the deputy sheriffs had not pursued their administrative remedies before the civil service commission. Id. at 383. In discussing the importance of exhausted administrative remedies, we explained that the deputy sheriffs involved had “failed to show a clear legal right to the relief sought and have not fully exhausted their adequate, administrative remedy.” Id.
In Mounts v. Chafin, 186 W.Va. 156, 411 S.E.2d 481 (1991), a deputy sheriff had petitioned the Circuit Court of Mingo County for a writ of mandamus to compel reinstatement. The writ was granted, and the sheriff appealed. 186 W.Va. at 158, 411 S.E.2d at 483. The factual scenario was somewhat different from the present case in that Mounts involved a determination by the Governor’s Committee on Crime, Delinquency and Correction that the deputy was not properly certified. Id. However, in discussing the specific issue of exhaustion of administration remedies, we explained the following at syllabus point 4:
“ ‘ “The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.” Syl.Pt. 1, Daurelle v. Traders Federal Savings & Loan Association., 143 W.Va. 674, 104 S.E.2d 320 (1958).’ Syl.Pt. 1, Cowie v. Roberts, [173 W.Va. 64], 312 S.E.2d 35 (1984).” Syllabus Point 1, Hechler v. Casey, 175 W.Va. 434, 333 S.E.2d 799 (1985).
Id. at 482.
The exhaustion of administrative remedies, the very purpose of which is to redress activities such as those alleged in the present case, is a prerequisite to the receipt of remedies set forth within the specific administrative procedural scheme. The ap-pellees did not pursue their administrative remedies and are therefore not entitled to the particular remedies provided in that procedural format. We therefore reverse the decision of the Circuit Court of Logan County only insofar as it granted back pay, costs and attorneys fees.
Reversed.

. West Virginia Code § 7-14-17 provides for the removal, discharge, suspension or reduction in rank or pay of deputy sheriffs. It also sets forth guidelines for appeals, reductions in force, and mandatory retirement age issues. Specifically, West Virginia Code § 7-14-17, in pertinent part, provides as follows:
In every case of such removal, discharge, suspension or reduction, a copy of the statement of reasons therefor and of the written answer thereto, if the deputy sought to be removed, *512 discharged, suspended or reduced desires to file such written answer, shall be furnished to the civil service commission and entered upon its records. If the deputy sought to be removed, discharged, suspended or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur. At such hearing the burden shall be upon the removing, discharging, suspending or reducing sheriff, hereinafter in this section referred to as "removing sheriff," to justify his action, and in the event the removing sheriff fails to justify his action before the commission, then the deputy removed, discharged, suspended or reduced shall be reinstated with full pay, forthwith and without any additional order, for the entire period during which he may have been prevented from performing his usual employment, and no charges shall be officially recorded against his record. The deputy if reinstated or exonerated, shall, if represented by legal counsel, be awarded an attorney fee of no more than two hundred fifty dollars and such fee shall be determined by the commission and paid by the removing sheriff from county funds....
(b) In the event that the civil service commission shall sustain the action of the removing sheriff, the deputy removed, discharged, suspended or reduced on or after the effective date [July 1, 1971] of this article, shall have an immediate right of appeal to the circuit court of the county. In the event that the commission shall reinstate the deputy removed, discharged, suspended or reduced, the removing sheriff shall have an immediate right of appeal to said circuit court. Any appeal must be taken within ninety days from the date of entry by the civil service commission of its final order. Upon an appeal being taken and docketed with the clerk of the circuit court of said county, the circuit court shall proceed to hear the appeal upon the original record made before the commission and no additional proof shall be permitted to be introduced. The circuit court's decision shall be final, but the deputy or removing sheriff, as the case may be, against whom the decision of the circuit court is rendered shall have the right to petition the supreme court of appeals for a review of the circuit court’s decision as in other civil cases. Such deputy or removing sheriff shall also have the right, where appropriate, to seek in lieu of an appeal, a writ of mandamus. The deputy, if reinstated or exonerated by the circuit court shall, if represented by legal counsel, be awarded an attorney fee not to exceed five hundred dollars, and if reinstated or exonerated by the supreme court of appeals, shall be awarded an attorney fee not to exceed five hundred dollars, and such fees shall be paid by the removing sheriff from county funds: Provided, That the aggregate amount of attorney fees awarded by the commission, the circuit court, and the supreme court of appeals, shall not exceed one thousand dollars for any member litigant.