566 S.E.2d 269

**David J. MEADOWS, Sheriff of Nicholas County, Petitioner Below, Appellee,**

v.

**David HOPKINS, Respondent Below, Appellant.**

No. 30252.

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2002.

Decided June 14, 2002.

Harley E. Stollings, Summersville, for Appellant.

Stephen O. Callaghan, Callaghan & Ruckman, Summersville, for Appellee.

DAVIS, Chief Justice.

David Hopkins, appellant/respondent below (hereinafter referred to as "Mr. Hopkins"), appeals an order of the Circuit Court of Nicholas County. The Nicholas County Circuit Court reversed a decision by the Nicholas County Deputy Sheriffs Civil Ser-

vice Commission (hereinafter referred to as "the Commission") to reinstate Mr. Hopkins as a deputy sheriff for the Nicholas County Sheriff's Department. The circuit court found in favor of David J. Meadows, Sheriff of Nicholas County, appellee/petitioner below (hereinafter referred to as "Mr. Meadows"), by ruling that the Commission did not have statutory authority to reinstate Mr. Hopkins to the position of deputy sheriff.[1] Here, Mr. Hopkins contends that the Commission has the exclusive authority to reinstate him as a deputy sheriff. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the decision of the Nicholas County Circuit Court.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In September 1997, Mr. Hopkins was hired as a deputy sheriff by Mr. Meadows. Thereafter, in November 1999, Mr. Hopkins voluntarily resigned his position as a deputy sheriff to run for the office of Sheriff of Nicholas County. Mr. Hopkins lost the May 2000 Democratic Primary Election to Mr. Meadows.

On October 2, 2000, Mr. Hopkins submitted a letter to the Commission and Mr. Meadows requesting that he be reinstated as a deputy sheriff. At the time of the request, Mr. Meadows had a vacancy for a deputy sheriff. On February 5, 2001, the Commission held a hearing to consider Mr. Hopkins' request. Thereafter, the Commission issued an order reinstating Mr. Hopkins as a deputy sheriff.

Mr. Meadows challenged the Commission's reinstatement order in circuit court. The circuit court stayed the order of reinstatement and remanded the case to the Commission for the taking of additional evidence. As a result of the remand, the Commission held a second hearing. On April 4, 2001, the Commission issued a second order reinstating Mr. Hopkins as a deputy sheriff.

---

1. An amicus brief was filed on behalf of the West Virginia Association of County Officials, request- ing that this Court affirm the circuit court's ruling.

Again, Mr. Meadows appealed the Commission's reinstatement order to the circuit court. The circuit court held a hearing on May 22, 2001. On June 29, 2001, the circuit court entered an order finding that the Commission had no authority to reinstate Mr. Hopkins to the position of deputy sheriff. The order instructed the Commission that it could only consider placing Mr. Hopkins' name on the list of three eligible candidates to be submitted to Mr. Meadows for his hiring consideration. From this ruling, Mr. Hopkins appeals.

## II.

## STANDARD OF REVIEW

■ The issue presented in this case requires an analysis of our statutes involving the hiring of deputies. We have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Moreover, "[e]videntiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syl. pt. 1, *Francis O. Day Co., Inc. v. Director, Div. of Envtl. Prot.,* 191 W.Va. 134, 443 S.E.2d 602 (1994).

## III.

## DISCUSSION

■ The dispositive issue of this appeal is whether the Commission had authority, pursuant to W. Va.Code § 7–14–8 (1972) (Repl.Vol.2000), to reinstate Mr. Hopkins as a deputy sheriff. As a general matter, we note that "[c]ivil service commissions have no authority beyond that bestowed by statute or necessarily implied from such statute." Syl. pt. 3, *Liller v. West Virginia Human Rights Comm'n,* 180 W.Va. 433, 376 S.E.2d 639 (1988). This Court has observed that "[w]hen interpreting a legislatively created law, we typically afford the statute a construction that is consistent with the Legislature's intent." *Coordinating Council for Indep. Living, Inc. v. Palmer,* 209 W.Va. 274, 281, 546 S.E.2d 454, 461 (2001). *See* Syl. pt. 1, *Smith v. State Workmen's Compensation*

*Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). We have also stated that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). However, "[a] statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew,* 186 W.Va. 693, 414 S.E.2d 454 (1992). Finally, we note that "[s]tatutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent." Syl. pt. 5, in part, *Fruehauf Corp. v. Huntington Moving & Storage Co.,* 159 W.Va. 14, 217 S.E.2d 907 (1975).

Mr. Hopkins contends that under W. Va. Code § 7–14–8, the Commission has the statutory authority to reinstate him to the position of deputy sheriff. The relevant language of W. Va.Code § 7–14–8 provides:

That in the event any applicant formerly served as a deputy sheriff for a period of more than six months in the county to which he makes application, and resigned as a deputy sheriff at a time when there were no charges of misconduct or other misfeasance pending against him, within a period of two years next preceding the date of his application, and at the time of his application resides within the county in which he seeks appointment by reinstatement, then *such applicant shall be eligible for appointment by reinstatement in the discretion of the civil service commission,* even though such applicant shall be over the age of forty-five years, provided he is not sixty-five years of age or over, and such applicant, providing his former term of service as a deputy sheriff so justifies, may be reappointed by reinstatement without a competitive examination, but such applicant shall undergo a medical examination; and if such applicant shall be so appointed by reinstatement as aforesaid, he shall be the lowest in rank in the sher-

iff's office next above the probationers of the office.

(Emphasis added). Mr. Hopkins also contends that Justice Miller's discussion in *Lester v. Summerfield*, 180 W.Va. 572, 378 S.E.2d 293 (1989), supports his position that W. Va.Code § 7–14–8 empowers the Commission to reinstate him to the position of deputy sheriff.

*Lester* involved a petition for a writ of prohibition by members of a class of deputy sheriffs seeking to prohibit enforcement of a circuit court ruling that subjected them to lay-off. In *Lester*, the circuit court concluded that a deputy sheriff, who had been reappointed to his position following a two-year absence from the force, could use the date of his original appointment to provide him greater seniority for purposes of a lay-off. In granting the writ, this Court held in the single Syllabus point of *Lester* that, for lay-off purposes, "[t]he term 'appointment' cannot be read to mean the date of original appointment for those deputy sheriffs who have been appointed by reinstatement under W. Va.Code, 7–14–8." 180 W.Va. 572, 378 S.E.2d 293.

As a necessary step in rendering the *Lester* decision, we discussed the procedure to reinstate a deputy sheriff under W. Va.Code § 7–14–8. The *Lester* court stated:

At issue here is W. Va.Code, 7–14–8, which provides a procedure for reappointment of a former deputy.... The decision whether to reappoint a former deputy is entirely discretionary, as the statute places "eligib[ility] for appointment by reinstatement in the discretion of the civil service commission[.]"

There are significant advantages that accrue to a former deputy who utilizes this procedure. For example, a deputy sheriff appointed by reinstatement need not submit to the commission's competitive examination. Second, *the appointment decision in such cases is made directly by the commission, and not by the sheriff.* Finally, the reinstated deputy is not required to undergo a probationary period.

It appears that W. Va.Code, 7–14–8, reflects a legislative policy to encourage dep-

uty sheriffs who terminate their employment to return to public service. The reason for this policy is manifest: a trained deputy with prior field experience is a valuable asset to the county and additional costs in training him need not be incurred. W. Va.Code, 7–14–8, offers an incentive to apply for reinstatement by substantially easing the application process.

*Lester,* 180 W.Va. at 574–75, 378 S.E.2d at 295–96 (emphasis added; footnotes omitted).

In his response to Mr. Hopkins' arguments, Mr. Meadows contends that the discussion of W. Va.Code § 7–14–8 set forth in *Lester* was dicta. Mr. Meadows further opines that W. Va.Code § 7–14–8 must be read *in pari materia* with the other civil service statutes pertaining to the appointment of deputies. Thus, he suggests, it is clear that the legislature did not intend to preclude sheriffs and county commissions from having the exclusive authority to hire deputies. We disagree.

The discussion in *Lester* of W. Va.Code § 7–14–8 was not mere dicta.[2] To decide *Lester*, it was necessary to determine the implications of W. Va.Code § 7–14–8 vis-a-vis seniority. We were therefore obligated to review the statute in a substantive way. In reviewing the statute, the Court concluded that, under W. Va.Code § 7–14–8, "the appointment decision in such cases is made directly by the commission, and not by the sheriff." *Lester,* 180 W.Va. at 574, 378 S.E.2d at 295.

 For these reasons, we therefore hold that, pursuant to W. Va.Code § 7–14–8 (1972) (Repl.Vol.2000), the civil service commission for deputy sheriffs has exclusive discretionary authority to reinstate an applicant for deputy sheriff, who formerly served as a deputy sheriff, without either a competitive examination or the concurrence of the sheriff or county commission. We hold further that to make a deputy sheriff's reappointment valid, in accordance with W. Va.Code § 7–14–8 (1972) (Repl.Vol.2000), the civil service commission must specifically find that the applicant (1) served as a deputy sheriff for a period of more than six months in the county

---

**2.** It is crystal clear that the deputy sheriff in *Lester* was reinstated by the deputy sheriffs' civil service commission. *See Lester,* 180 W.Va. at 573, 378 S.E.2d at 294.

in which he/she seeks reinstatement; (2) resigned as a deputy sheriff with no pending charges of misconduct or other misfeasance within a period of two years next preceding the date of his/her application for reinstatement; (3) resides within the county in which he/she seeks appointment by reinstatement at the time of his/her application; (4) is not sixty-five years of age or over; and (5) has undergone a medical examination.[3]

In contrast, Mr. Meadows asserts that it is the exclusive authority of a sheriff to appoint deputies pursuant to W. Va.Code § 7–14–11 (1971) (Repl.Vol.2000). Nevertheless, Mr. Meadows fails to recognize the critical language of W. Va.Code § 7–14–11, which expressly *excludes* from its application deputy sheriff appointments that are made "by promotion, reinstatement or reduction[.]"[4] Clearly, then, the reinstatement exception in W. Va.Code § 7–14–11 has little meaning, unless read *in pari materia* with W. Va.Code § 7–14–8.

■ This Court is sensitive to and recognizes that the office of sheriff is a constitutional office that is filled by popular vote. *See* W. Va. Const., Art. IX, § 1 ("The voters of each county shall elect a ... sheriff[.]"). However, the state constitution does not vest authority in a sheriff to appoint deputy sheriffs. Rather, the authority of a sheriff to appoint deputy sheriffs is derived by statute. That is, the legislature has exclusive authority to determine the guidelines by which deputy sheriffs may be appointed. To this end, the legislature has given general authority to sheriffs to appoint deputy sheriffs under specific statutory guidelines. *See* W. Va.Code § 7–14–1, *et seq.* Through W. Va.Code § 7–14–8, though, the legislature has chosen to give the civil service commission exclusive authority to reinstate or reappoint a deputy sheriff. This Court has continually stressed, on numerous occasions, that "[i]t is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten[.]" *State v. General Daniel Morgan Post No. 548, V.F.W.,* 144 W.Va. 137, 145, 107 S.E.2d 353, 358 (1959) (citation omitted). Moreover, "[t]he legislature is vested with a wide discretion in determining what the public interest requires, the wisdom of which may not be inquired into by the courts[.]" Syl. pt. 1, in part, *State v. Wender,* 149 W.Va. 413, 141 S.E.2d 359 (1965), *overruled on other grounds by Hartsock–Flesher Candy Co. v. Wheeling Wholesale Grocery Co.,* 174 W.Va. 538, 328 S.E.2d 144 (1984).

**3.** Similar discretionary reinstatement authority is found in the civil service procedures contained in W. Va.Code § 7–14B–8 (1985) (Repl.Vol.2000) (correctional officers); W. Va.Code § 8–14–12 (1972) (Repl.Vol.1998) (municipal police officers); and W. Va.Code § 8–15–17 (1997) (Repl. Vol.1998) (municipal firemen).

**4.** W. Va.Code § 7–14–11 (1971) (Repl.Vol.2000) provides in full:

On and after the effective date of this article, every position of deputy sheriff, *unless filled by promotion, reinstatement or reduction,* shall be filled only in the manner specified in this section. The appointing sheriff shall notify the civil service commission of any vacancy in a position of deputy sheriff which he desires to fill, and shall request the certification of eligibles. The commission shall forthwith certify, from the eligible list, the names of the three persons thereon who received the highest averages at preceding competitive examinations held under the provisions of this article within a period of three years next preceding the date of the prospective appointment. The appointing sheriff shall, thereupon, with sole reference to the relative merit and fitness of the candidates, make an appointment from the three names so certified: Provided, That should he make objection to the commission to one or more of these persons for any of the reasons stated in section ten of this article, and should such objection be sustained by the commission after a public hearing along the lines of the hearing provided for in said section ten, if any such hearing is requested, the commission shall thereupon strike the name of that person from the eligible list, and certify the next highest name for each person so stricken. As each subsequent vacancy occurs, in the same or another position, precisely the same procedure shall be followed: Provided, however, That after any name has been three times rejected for the same or another position in favor of a name or names below it on the same list, the name shall be stricken from the list. When there are a number of positions of the same kind to be filled at the same time, each appointment shall, nevertheless, be made separately and in accordance with the foregoing provisions. When an appointment is made under the provisions of this section, it shall be, in the first instance, for the probationary period of six months, as provided in section seven of this article.

(Emphasis added).

In the instant case, Mr. Hopkins was properly reinstated by the Commission. There is no dispute that Mr. Hopkins satisfied each and every requirement for reinstatement under W. Va.Code § 7–14–8. Pursuant to *Lester*, our holding today and the applicable statutes, it is clear that the Commission has such reinstatement authority. Therefore, it was error for the circuit court to reverse the Commission's decision to reinstate Mr. Hopkins.[5]

## IV.

## CONCLUSION

The Circuit Court of Nicholas County erred in finding the Commission had no authority to reinstate Mr. Hopkins as a deputy sheriff. Therefore, the circuit court's final order is reversed.

Reversed.

Justice STARCHER dissents.

---

**5.** Mr. Hopkins additionally contends that W. Va. Code § 7–14–17 (1996) (Repl.Vol.2000) authorizes an award of attorney fees for all litigation subsequent to the Commission's initial order of reinstatement. In response, Mr. Meadows has correctly argued that no authority exists to award attorney fees. We have recognized that "West Virginia Code § 7–14–17 governs the removal, discharge, suspension, and reduction in rank or pay of deputy sheriffs." *King v. Logan County Deputy Sheriffs' Civil Serv. Comm'n*, 187 W.Va. 510, 513, 420 S.E.2d 270, 273 (1992) (per curiam). Attorney fees are permitted under the statute only when a deputy prevails in litigation involving *wrongful* removal, discharge, suspension, or reduction in rank or pay. The statute makes no express provision for awarding attorney fees when a sheriff challenges reinstatement of a deputy who has voluntarily resigned.