312 S.E.2d 35

**Lawrence Glen COWIE**

**v.**

**Virginia ROBERTS, Etc.**

**No. 15928.**

Supreme Court of Appeals of West Virginia.

Jan. 26, 1984.

John H. Reed, III, Hurricane, for appellant.

Chauncey H. Browning, Atty. Gen., Michael L. Harper, Asst. Atty. Gen., Charleston, for appellee.

McGRAW, Justice:

The appellant, Lawrence Glen Cowie, appeals from the denial of a petition for a writ of prohibition in the Circuit Court of Kanawha County. The appellant sought to prohibit the appellee, Commissioner of the West Virginia Department of Motor Vehicles, from suspending his license to operate an automobile in West Virginia for a period of ten years. Although the court below held that prohibition was the proper avenue of relief, it found that both the suspension of the appellant's license and the enhancement of that suspension were lawful. Despite the advancement of several assignments of error by the appellant to reverse the circuit court's decision regarding his suspension, we agree with the appellee that prohibition is an improper remedy in this case, and therefore we reverse the circuit court's decision to the contrary.

On January 18, 1982, the appellant was arrested for driving under the influence of alcohol, pursuant to West Virginia Code § 17C–5–2(d) (1983 Supp.).[1] The arresting officer submitted an affidavit to the Department of Motor Vehicles on the following day, pursuant to West Virginia Code § 17C–5A–1(b) (1983 Supp.),[2] containing the particulars of the appellant's arrest. After a review of its records by the Department of Motor Vehicles revealed that the appellant had been convicted on August 11, 1980, of drunk driving in violation of a South Charleston municipal ordinance, an order was issued on February 3, 1982, suspending the appellant's license for a period of ten years, pursuant to West Virginia Code § 17C–5A–2(c)(4) (1983 Supp.).[3]

1. At the time of the appellant's arrest, West Virginia Code § 17C–5–2(d) provided:

    Any person who, while under the influence of alcohol, or under the influence of any controlled substance, or under the influence of any other drug to a degree which renders him incapable of safely driving, or under the combined influence of alcohol and any controlled substance or any other drug to a degree which renders him incapable of safely driving, drives a vehicle in this State, shall be guilty of a misdemeanor, and upon conviction thereof shall be confined in the county jail for a period of not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

2. At the time of the appellant's arrest, West Virginia Code § 17C–5A–1(b) provided:

    Any law-enforcement officer arresting a person for an offense described in section two [§ 17C–5–2], article five of this chapter shall report to the commissioner of the department of motor vehicles by sworn, written statement within twenty-four hours the name and address of the person so arrested. Such report shall include the specific offense with which the person is charged, and, if applicable, a copy of the results of any secondary tests of blood, breath or urine. The law-enforcement officer shall certify that such tests were administered in accordance with the provisions of article five [§ 17C–5–1 et seq.] of this chapter, and that he believes the results to be correct.

3. At the time of the appellant's arrest, West Virginia Code § 17C–5A–2(c)(4) provided:

    If the commissioner finds by a preponderance of the evidence that the person did drive a motor vehicle while under the influence of alcohol, or under the influence of any controlled substance, or under the influence of any other drug to a degree which renders him incapable of safely driving, or under the com-

Under West Virginia Code § 17C–5A–2(a) (1983 Supp.),[4] the notice of suspension received by the appellant provided: "UPON your written request the Commissioner of Motor Vehicles will allow you an opportunity to an administrative hearing. Such written request must be filed with the Commissioner in person or by REGISTERED or CERTIFIED MAIL, return receipt requested, within ten (10) days after receipt of this NOTICE." The suspension notice also informed the appellant that: "IF YOU REQUEST A HEARING within (10) days after receipt of this NOTICE, you do not have to return your West Virginia license to this office until the termination of any hearing which results in an unfavorable decision to you."[5] Finally, the suspension notice provided that: "IF YOU DO NOT REQUEST A HEARING within ten (10) days after receipt of this NOTICE, any West Virginia license issued to you must be returned to this office within the ten (10) day period." It is apparent from the record that the appellant did not request a hearing, and that his license was received by the Department of Motor Vehicles on February 18, 1980.

On October 4, 1982, the appellant, through counsel, filed a petition for a writ of prohibition in the Circuit Court of Kanawha County, seeking to prohibit enforcement of the suspension order. Thereafter, the court issued a rule to show cause why the relief requested in the appellant's petition should not be granted against the appellee. Following a subsequent hearing on the appellant's petition, the court held that although prohibition was the proper form of action, the ten year suspension was lawful, and therefore it denied the appellant's request for a writ of prohibition. While the appellant raises several assignments of error in his appeal from the circuit court's denial, the appellee contends here, as she did below, that prohibition does not lie in this case.

In Syllabus Point 1 of *Daurelle v. Traders Federal Savings & Loan Association*, 143 W.Va. 674, 104 S.E.2d 320 (1958), this Court stated, "The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted

---

4. At the time of the appellant's arrest and suspension, West Virginia Code § 17C–5A–2(a) provided:

> Upon the written request of a person whose license to operate a motor vehicle in this State has been suspended, under the provisions of section one [§ 17C–5A–1] of this article, the commissioner of motor vehicles shall afford the person an opportunity to be heard. Such written request must be filed with the commissioner in person or by registered or certified mail, return receipt requested, within ten days after receipt of a copy of the order of suspension. The hearing shall be before said commissioner or authorized deputy or agent of said commissioner and all of the pertinent provisions of article five [§ 29A–5–1 et seq.], chapter twenty-nine-A of this Code shall apply.

5. The stay in enforcement of the commissioner's suspension order, at the time of the appellant's suspension, would have been pursuant to West Virginia Code § 17C–5A–2(e) (1983 Supp.), which provided in pertinent part: "During the pendency of [the] suspension hearing, the suspension of the person's license to operate a motor vehicle in this State shall be stayed."

bined influence of alcohol and any controlled substance or any other drug to a degree which renders him incapable of safely driving, or did drive a motor vehicle while having an alcoholic concentration in his blood of ten hundredths of one percent (.10%), or more, by weight, or finds that the person, being an habitual user of narcotic drugs or amphetamine or any derivative thereof, did drive a motor vehicle, or finds that the person knowingly permitted his vehicle to be driven by another person who was under the influence of alcohol, or under the influence of any controlled substance, or under the influence of any other drug to a degree which rendered him incapable of safely driving, or under the combined influence of alcohol and any controlled substance or any other drug to a degree which rendered him incapable of safely driving, the commissioner shall revoke the person's license for a period of six months: Provided, that *if the commissioner has previously suspended the person's license under the provisions of this section, the period of revocation shall be ten years.* Provided, however, that if the commissioner has previously suspended the person's license more than once under the provisions of this section, the period of revocation shall be for life of the person. (Emphasis added).

before the courts will act." The exhaustion of administrative remedies is a well-established rule in this jurisdiction. *See* Syl. pt. 3, *State ex rel. Arnold v. Egnor*, 166 W.Va. 411, 275 S.E.2d 15 (1981); Syl. pt. 3, *State ex rel. Gooden v. Bonar*, 155 W.Va. 202, 183 S.E.2d 697 (1971); Syl. pt. 2, *Bank of Wheeling v. Morris Plan Bank & Trust Co.*, 155 W.Va. 245, 183 S.E.2d 692 (1971); Syl., *Capitol Business Equipment, Inc. v. Gates*, 155 W.Va. 260, 184 S.E.2d 125 (1971); Syl. pt. 1, *State ex rel. Burchett v. Taylor*, 150 W.Va. 702, 149 S.E.2d 234 (1966). Not only did the appellant in this case fail to exhaust his administrative remedies, he failed to even pursue them. Instead, the appellant waited eight months before petitioning for a writ of prohibition to prevent enforcement of the suspension order.

    It is clear that prohibition lies to restrain both judicial and quasi-judicial administrative bodies. For example, in Syllabus Point 2 of *Brazie v. Fayette County Commissioners*, 25 W.Va. 213 (1884), this Court stated, "The writ of prohibition lies from a superior court not only to inferior *judicial* tribunals, but to inferior *ministerial* tribunals possessing incidently judicial powers and known as *quasi* judicial tribunals, and also in extreme cases to purely ministerial bodies when they usurp and attempt to exercise judicial functions." *See also* Syl. pt. 1, *State ex rel. City of Huntington v. Lombardo*, 149 W.Va. 671, 143 S.E.2d 535 (1965); Syl. pt. 2, *State ex rel. Collier v. Mingo County Court*, 97 W.Va. 615, 125 S.E. 576 (1924); Syl. pt. 2, *State ex rel. Noce v. Blankenship*, 93 W.Va. 273, 116 S.E. 524 (1923); Syl. pt. 1, *Fleming v. Commissioners*, 31 W.Va. 608, 8 S.E. 267 (1888). We do not agree with the appellee in her assertion that license suspension is a purely ministerial act and therefore not subject to prohibition. In fact, the legislature has mandated under West Virginia Code § 71C–5A–2, that the commissioner conduct a hearing prior to suspension upon the written request of the person to be affected. The act of license suspension is quasi-judicial and therefore subject to prohibition.

    The key issue in this case is the effect of the appellant's failure to pursue administrative remedies provided under the statutes involved. In *State ex rel. Maynard v. Bronson*, 167 W.Va. 35, 277 S.E.2d 718, 722 (1981), this Court stated the general rule that, "prohibition cannot be sustained for a writ of error or appeal unless a writ of error or appeal would be an inadequate remedy. *Handley v. Cook*, 162 W.Va. 629, 252 S.E.2d 147, 148 (1979); *Woodall v. Laurita*, 156 W.Va. 707, 712, 195 S.E.2d 717, 720 (1973); *State ex rel. Huntington v. Lombardo*, 149 W.Va. 671, 679, 143 S.E.2d 535, 541 (1965); *State ex rel. Gordon Memorial Hospital v. West Virginia State Board of Examiners for Registered Nurses*, 136 W.Va. 88, 66 S.E.2d 1, 9 (1951)." Similarly, in Syllabus Point 1 of *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953), this Court stated, "Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." *See also* Syl. pt. 1, *Johnston v. Hunter*, 50 W.Va. 52, 40 S.E. 448 (1901).

    The existence of an administrative appeal is as important in determining the appropriateness of extraordinary remedies, such as prohibition and mandamus, as is the existence of an alternate avenue of judicial relief. For example, in *McGrady v. Callaghan*, 161 W.Va. 180, 244 S.E.2d 793, 797 (1978), in the context of a mandamus action against the Director of the Department of Natural Resources, this Court held that mandamus was not available where the petitioners involved failed to pursue the administrative remedies afforded them.[6]

---

**6.** In *McGrady*, 161 W.Va. at 188–191, 244 S.E.2d at 797–99, Justice Miller, in a dissent in which I joined, recognized that the rule concerning the availability of another adequate remedy may be inapplicable where the Legislature has specifically enlarged the scope of the writ to permit private citizen mandamus actions to compel public official compliance with mandatory duties. In the present case, however, no comparable language enlarging the scope of manda-

■ The appellant in this case was clearly informed of his right to request a hearing within ten days after receipt of the suspension notice. He was also informed that this request would allow him to retain his license until an unfavorable decision was rendered against him at the conclusion of that hearing. Unless postponed or continued, the statute further provided that this suspension hearing was to be held within twenty days after his request. West Virginia Code § 17C–5A–2(b) (1983 Supp.). Furthermore, had the commissioner's decision at the administrative level been adverse to the appellant, he would then have had thirty days to appeal that decision to the Circuit Court of Kanawha County. West Virginia Code § 17C–5A–2(c) (1983 Supp.) and § 29A–5–4(b) (1980). Finally, the appellant might have secured a stay of the commissioner's suspension order upon his appeal to circuit court if he could have shown a reasonable likelihood that he would prevail on the merits and that he would suffer irreparable harm if the suspension was not stayed. West Virginia Code § 17C–5A–2(c) (1983 Supp.).

The appellant offers no explanation for his failure to pursue his administrative remedies. He does not contend that the appeal procedures as outlined above were "inadequate" in any way. *See State ex rel. Maynard v. Bronson, supra.* The appellant's attempt to substitute prohibition for the exhaustion of administrative remedies available to him must be rejected; the circuit court's decision concerning the appropriateness of prohibition in this case must be reversed; and the commissioner's ten year suspension of the appellant's license must be affirmed.

Reversed.

---

mus beyond its traditional borders appears which would relieve the appellant of his duty to exhaust.