609 S.E.2d 884

**STATE of West Virginia ex rel. Carlos Fields, Petitioner,**

v.

**Thomas McBRIDE, Respondent.**

No. 31798.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 9, 2004.

Decided Dec. 1, 2004.

Jason E. Huber, Esq., Forman & Huber, Charleston, for Petitioner.

Darrell V. McGraw, Jr., Esq., Attorney General, Charles Houdyschell, Jr., Esq., Assistant Attorney General, Charleston, for Respondent.

1. This Court appointed counsel for Mr. Fields in the show cause order.

2. Appointed counsel filed a reply brief.

## PER CURIAM:

This matter was filed as a habeas corpus proceeding under the original jurisdiction of this Court by a pro se litigant, Carlos Fields (hereinafter referred to as "Mr. Fields"). Mr. Fields is an inmate at Mount Olive Correctional Complex. In this proceeding Mr. Fields contends that good time credit has been improperly taken away from him and that he is a victim of physical abuse by prison guards. Based upon the allegations in his petition, this Court issued a rule to show cause to the respondent, Thomas McBride, Warden of Mount Olive (hereinafter referred to as the "Warden").[1] The Warden has filed a response to the rule to show cause.[2] After a careful review of the pleadings, the writ is denied.

## I.

### FACTUAL HISTORY

The Circuit Court of Cabell County sentenced Mr. Fields to a term of 1 to 15 years imprisonment and a term of 1 to 5 years imprisonment.[3] The sentences were ordered to run consecutively, with an effective date of September 5, 1991.

During Mr. Fields' incarceration, he was the subject of a number of disciplinary proceedings that resulted in the loss of good time credit. Mr. Fields has alleged that the Warden has improperly taken good time credit that had not yet accumulated. Mr. Fields also alleges that in 2002 and 2003, he was the victim of several incidents of physical abuse by prison guards. The alleged abuse included having his head thrown against a cell door, having mace sprayed in his face, and being kicked and punched throughout his body.

Mr. Fields then filed a habeas proceeding in the Circuit Court of Fayette County seeking relief for his loss of good time credit and/or physical abuse. The circuit court dismissed the petition on October 2, 2003, concluding that Mr. Fields had not exhausted his administrative remedies. Subsequent to the circuit court's dismissal, Mr. Fields filed the instant proceeding with this Court.

3. The record is unclear. It appears that the two charges Mr. Fields was convicted of involved unlawful wounding and drug trafficking.

## II.

## STANDARD FOR ISSUANCE OF WRIT

This Court has long recognized that "[h]abeas [c]orpus is a suit wherein probable cause therefor being shown, a writ is issued which challenges the right of one to hold another in custody or restraint." Syl. pt. 4, *Click v. Click,* 98 W.Va. 419, 127 S.E. 194 (1925). We have made clear that "[h]abeas corpus lies to secure relief from conditions of imprisonment which constitute cruel and unusual punishment in violation of the provisions of Article III, Section 5, of the Constitution of West Virginia and of the Eighth Amendment to the Constitution of the United States." Syl pt. 1, *State ex rel. Pingley v. Coiner,* 155 W.Va. 591, 186 S.E.2d 220 (1972). We have also indicated that "[w]hen considering whether ... a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writ, courts typically are afforded broad discretion." *State ex rel. Valentine v. Watkins,* 208 W.Va. 26, 31, 537 S.E.2d 647, 652 (2000). *See State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 141, 254 S.E.2d 805, 811 (1979) ("The case is before us on an original petition for writ of habeas corpus, and under W. Va.Code, 53–4A–7(c) ..., we are given broad powers in fashioning the form of relief accorded in a habeas corpus proceeding."). With these standards in view, we turn to the issues presented by this case.

## III.

## DISCUSSION

Mr. Fields contends that he has been improperly denied good time credit and that he was the victim of physical abuse by prison guards. The Warden has argued that the issues raised are not ripe for resolution by this Court because Mr. Fields has not exhausted his administrative remedies. We agree with the Warden.

This Court has held that "[t]he general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act." Syl. pt. 1, *Daurelle v. Traders Fed. Sav. & Loan Ass'n,* 143 W.Va. 674, 104 S.E.2d 320 (1958). We have also indicated that "[t]he existence of an administrative appeal is as important in determining the appropriateness of extraordinary remedies, such as [habeas,] prohibition and mandamus, as is the existence of an alternate avenue of judicial relief." *Cowie v. Roberts,* 173 W.Va. 64, 67, 312 S.E.2d 35, 38 (1984). The United States Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12, 26 (2002) (citation omitted). Of course, "[t]he doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility." Syl. pt. 1, *State ex rel. Bd. of Educ. of Kanawha County v. Casey,* 176 W.Va. 733, 349 S.E.2d 436 (1986). We, however, do not find that the exception to the doctrine of exhaustion of administrative remedies is applicable under the facts of this case.

Pursuant to W. Va.C.S.R. § 90–9–3, an administrative procedure is set out for "[a]ny inmate who wishes to seek formal review of an issue that relates to any aspect of his or her confinement[.]" W. Va.C.S.R. § 90–9–3.1.1. Under the administrative procedure, an inmate must first submit a grievance "to his or her assigned Unit Manager or appropriate Staff Supervisor." W. Va.C.S.R. § 90–9–3.1.4. In the event the Unit Manager or appropriate Staff Supervisor does not resolve the grievance to the inmate's satisfaction, the inmate may appeal "to the Warden or Administrator." W. Va.C.S.R. § 90–9–3.2. Further, "[s]hould the inmate believe the Warden's or Administrator's response does not resolve his or her grievance, ... the inmate may submit an appeal to the Commissioner[.]" W. Va.C.S.R. § 90–9–3.3.1. Finally, it is provided in W. Va.C.S.R. § 90–9–3.6.2 that "[a]ny inmate who fails to fully comply with the [grievance procedure] shall not be considered to have taken full advantage of administrative remedies afforded him or her."

The record submitted by Mr. Fields in this proceeding shows no indication that he fol-

lowed all of the enumerated administrative procedures before filing the instant petition. Federal courts have noted that "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the [petition] or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000). Without evidence that Mr. Fields has exhausted his administrative remedies, we simply cannot reach the merits of the issues raised.[4]

### IV.

### CONCLUSION

In view of the foregoing, Mr. Fields' request for a writ of habeas corpus is denied.

Writ Denied.

---

**4.** Counsel for Mr. Fields is hereby appointed to continue representing Mr. Fields in any subsequent state court proceeding related solely to the matters raised in this petition.