# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2020 Term

_____

No. 19-0754

_____

**FILED**
**April 24, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. EVERETT FRAZIER,
COMMISSIONER OF THE WEST VIRGINIA
DIVISION OF MOTOR VEHICLES,
Petitioner

V.

HONORABLE WILLIAM S. THOMPSON,
JUDGE OF THE CIRCUIT COURT OF BOONE COUNTY,
AND DYLAN PRICE,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED AS MOULDED

_____

AND

_____

No. 19-0755

_____

STATE OF WEST VIRGINIA EX REL. EVERETT FRAZIER,
COMMISSIONER OF THE WEST VIRGINIA

**DIVISION OF MOTOR VEHICLES,**
Petitioner

**V.**

**HONORABLE WILLIAM S. THOMPSON,**
**JUDGE OF THE CIRCUIT COURT OF BOONE COUNTY,**
**AND NICHOLAS BLANKENSHIP,**
Respondents

_____

**PETITION FOR WRIT OF PROHIBITION**

**WRIT GRANTED**

_____

**Submitted:  January 28, 2020**
**Filed:  April 24, 2020**

| | |
|---|---|
| **Patrick Morrisey** | **Wendle Cook** |
| **Attorney General** | **Cook and Cook** |
| **Elaine L. Skorich** | **Madison, West Virginia** |
| **Assistant Attorney General** | **Attorney for the Respondents,** |
| **Charleston, West Virginia** | **Dylan Price and** |
| **Attorneys for the Petitioner** | **Nicholas Blankenship** |

**JUSTICE JENKINS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syllabus point 1, *Appalachian Power Co. v. State Tax Department of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995).

2. "When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syllabus point 10, *Jennings v. McDougle,* 83 W. Va. 186, 98 S.E. 162 (1919).

3. "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law,

should be given substantial weight." Syllabus point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

4. "Our Administrative Procedures Act, W. Va. Code, 29A-1-2(b), defines a contested case before an agency as a proceeding that involves legal rights, duties, interests, or privileges of specific parties which are required by law or constitutional right to be determined after an agency hearing. Thus, an agency must either be required by some statutory provision or administrative rule to have hearings or the specific right affected by the agency must be constitutionally protected such that a hearing is required." Syllabus point 1, *State ex rel. West Virginia Board of Education v. Perry*, 189 W. Va. 662, 434 S.E.2d 22 (1993).

5. "'Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket.' Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975)." Syllabus point 5, *Holly v. Feagley*, 242 W. Va. 240, 834 S.E.2d 536 (2019).

6. "'Before any stay may be granted in an appeal from a decision of the Commissioner of the Department of Motor Vehicles revoking a driver's license, the circuit court must conduct a hearing where evidence is adduced and, "upon the evidence presented," must make a finding that there is a substantial probability that the appellant

ii

will prevail upon the merits and that he will suffer irreparable harm if a stay is not granted.' Syllabus Point 2, *Smith v. Bechtold*, 190 W. Va. 315, 438 S.E.2d 347 (1993)." Syllabus point 2, *State ex rel. Miller v. Karl*, 231 W. Va. 65, 743 S.E.2d 876 (2013).

7. "A proffer is not sufficient to satisfy the evidentiary requirements of West Virginia Code § 17C-5A-2(s) (201[5]) for proof of irreparable harm. A stay or supersedeas of the order issued pursuant to West Virginia Code § 17C-5A-2(s) must contain findings of fact and conclusions of law which demonstrate that the circuit court has, upon the testimony or documentary evidence presented, made a finding that the appellant will suffer irreparable harm if the order is not stayed." Syllabus point 3, *State ex rel. Miller v. Karl*, 231 W. Va. 65, 743 S.E.2d 876 (2013).

8. "[T]he words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syllabus point 4, in part, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959).

**Jenkins, Justice:**

The petitioner in these consolidated cases, Everett Frazier,[1] Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), requests this Court to prohibit the Circuit Court of Boone County from enforcing orders it entered on August 16, 2018, and May 8, 2019. By those orders, the circuit court stayed the administrative revocation of the driver's licenses of the respondent drivers, Dylan Price ("Mr. Price") and Nicholas Blankenship ("Mr. Blankenship"), while their appeals from the revocation rulings were pending in the circuit court. In requesting a writ of prohibition to prevent the circuit court from enforcing these orders, the DMV contends that the circuit court has, by issuing these stays, failed to comply with the statutory procedure prescribed for the issuance of such a stay set forth in West Virginia Code section 17C-5A-2(s) (LexisNexis 2017).[2] Having reviewed the parties' arguments and briefs, the appendix records, and the pertinent authorities, we agree with the DMV's assertion that the circuit court has erred by not complying with the requisite statutory procedure for granting a stay of an administrative revocation of a driver's license to operate a motor vehicle in this State. Accordingly, and in recognition of the different procedural postures of the two instant matters, we grant as

---

[1]Since the filing of these cases, the Commissioner of the West Virginia Division of Motor Vehicles has changed, and the Commissioner is now Everett Frazier. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2]For the relevant language of West Virginia Code section 17C-5A-2(s) (LexisNexis 2017), see Sections III.B.1. & -2., *infra*.

1

moulded the requested writ of prohibition in Case Number 19-0754, and, as to Case Number 19-0755, we grant the requested writ of prohibition.

# I.

## FACTS AND PROCEDURAL HISTORY

Although the two matters before us share many similar aspects, they also have distinct differences. Therefore, we will recount the facts and procedural history of each of the consolidated cases separately.

### A. Case Number 19-0754: Dylan Price

Mr. Price was involved in a single-vehicle accident in Boone County, West Virginia, on May 27, 2018. As a result of this incident, and as stated in the DMV's "ORDER OF REVOCATION NOTICE" dated May 31, 2018, Mr. Price was charged with "driving a motor vehicle . . . in West Virginia while under the influence of alcohol, controlled substances, drugs or a combination of those and . . . proximately caus[ing] the death of another person [Mr. Price's passenger] while acting in reckless disregard of the safety of other people." Further, the DMV determined that, as a result of these charges, Mr. Price's "driving privileges will be revoked at 12:01 a.m. ET on Jul[y] 05, 2018." Finally, the revocation order informed Mr. Price that he "may contest the DUI by filing a Written Objection Form with the Office of Administrative Hearings (OAH) . . . **within 30 days after receiving the Revocation Notice**." Thereafter, another individual who shares

Mr. Price's mailing address signed a certified mail receipt on June 2, 2018, reflecting delivery and receipt of the DMV's May 31, 2018 revocation order.

Counsel for Mr. Price then filed the referenced "WRITTEN OBJECTION AND HEARING REQUEST FORM" with the Office of Administrative Hearings ("OAH") to challenge the administrative revocation of his driver's license. The form's instructions also provided the deadline for challenging the DMV's revocation ruling cited in the DMV's earlier order:

> [L]ate written objections may not be considered. If you dispute an order revoking . . . your driver's license for a DUI related offense as outlined in W. Va. Code § 17C-5A-2, this form **MUST BE FILED WITH THE OAH WITHIN THIRTY (30) CALENDAR DAYS FROM THE DATE YOU RECEIVED THE DMV ORDER YOU ARE CONTESTING.**

The form, itself, does not reflect the date on which it was submitted, but the OAH stamped the document as having been received on July 5, 2018. Because this date was more than thirty calendar days from Mr. Price's receipt of the DMV's revocation order, the OAH determined that his "request for an administrative hearing regarding this matter is untimely . . . and must be denied."

Mr. Price, by counsel, then filed a "PETITION FOR REVIEW OF ADMINISTRATIVE ORDER" in the Circuit Court of Boone County. After recounting the matter's procedural history, from arrest and revocation to request for and denial of an administrative hearing, Mr. Price argued that the OAH had erred by refusing to grant him

3

a hearing and incorrectly calculating the period within which he was required to file his request for an administrative hearing. Mr. Price also asked the circuit court for relief, including

> that the Office of Administrative Hearings be required to produce a true and accurate copy of the transcript of the hearing and all exhibits contained within the file, that an order be entered staying the revocation order entered by letter dated May 31, 2018, with an effective date of July 5, 2018, and that the revocation order be stayed until such time as a hearing on the merits of the petition can be held[.]

By *ex parte* order entered August 16, 2018, the circuit court found "that it has jurisdiction over this matter pursuant to Chapter 29A-5-4 of the West Virginia Code. It is therefore ordered that this petition be filed." The court also ordered the DMV to "file with the Clerk of this Court a complete copy of all exhibits in the file, and a copy of all administrative orders made by the Commissioner within 30 days after receipt of this Order." Finally, the court "ordered that [Mr. Price's] driving privileges shall be temporarily reinstated pending the outcome of this petition."

Upon learning of this ruling, the DMV filed a "NOTICE OF SPECIAL LIMITED APPEARANCE; MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, VENUE, AND FAILURE TO JOIN A PARTY; AND REQUEST FOR ATTORNEY FEES AND COSTS" also in the Circuit Court of Boone County. The DMV primarily objected to the circuit court's entry of an order granting relief to Mr. Price because the OAH had not granted him an administrative hearing or issued a

4

ruling with regard to his challenge of his driver's license revocation, and, thus, the DMV argued that the circuit court did not have jurisdiction because the matter did not constitute a "contested case" under the West Virginia Administrative Procedures Act. Although the circuit court held a hearing on the DMV's motion to dismiss, the court has not entered an order either granting or refusing the DMV's request for relief. Therefore, the DMV now seeks a writ of prohibition from this Court to prevent the circuit court from enforcing its August 16, 2018 *ex parte* order finding that it has jurisdiction to entertain Mr. Price's petition for review, granting a stay of his driver's license revocation during the pendency of the circuit court proceedings, and ordering the DMV to compile and file a record of the administrative proceedings regarding Mr. Price's license revocation.

### B. Case Number 19-0755: Nicholas Blankenship

Mr. Blankenship was involved in a single-vehicle accident in Logan County, West Virginia, on July 19, 2012. The administration of field sobriety tests suggested that Mr. Blankenship was impaired, and, as noted in the OAH's Hearing Examiner's April 9, 2019 "FINAL ORDER," the investigating officer arrested Mr. Blankenship for "driving while under the influence of alcohol, controlled substances, drugs or any combination of the aforementioned." Thereafter, "[t]he Commissioner of the West Virginia Division of Motor Vehicles entered an Order of Revocation dated October 1, 2013, revoking the driving privileges of [Mr. Blankenship] for the offense of driving a motor vehicle in this [S]tate while under the influence of controlled substances, and[/]or drugs." Mr. Blankenship filed a timely request for an administrative hearing to challenge the revocation

5

of his driver's license; the OAH granted his request; and a hearing was held on Mr. Blankenship's revocation challenge. By "FINAL ORDER OF CHIEF HEARING EXAMINER" entered April 10, 2019, the OAH affirmed the DMV's revocation of Mr. Blankenship's license to drive a motor vehicle in this State.

Counsel for Mr. Blankenship then appealed from the OAH's order affirming Mr. Blankenship's license revocation by filing a "PETITION FOR REVIEW OF ADMINISTRATIVE ORDER" in the Circuit Court of Boone County. In his petition, Mr. Blankenship claimed, among other things, that the arresting officer failed to correctly administer the field sobriety tests and preliminary and secondary tests; the hearing examiner erred by considering the results of allegedly improperly collected blood samples; and the yearlong delay in filing the arresting officer's DUI information sheet prejudiced him. Mr. Blankenship also asked the circuit court for relief, including

> that the Commissioner b[e] required to produce a true and accurate copy of the transcript of the hearing and all exhibits contained within the file, that an order be entered staying the Final Order dated May 11, 2009 [sic], until such time as a hearing on the merits of the petition can be held, [and] that the revocation order entered by the Commissioner be reversed and set aside in accordance with West Virginia Code [§] 29A-5-4(g)[.]

By *ex parte* order entered May 8, 2019, the circuit court ordered the DMV to "file with the Clerk of this Court a complete copy of the transcript of hearing, all exhibits in the file, and a copy of all administrative orders made by the Commissioner within 30

days after receipt of this Order." The court additionally "ordered that the Final Order which revoked [Mr. Blankenship's] driving privileges be stayed for a period of 150 days, and that [Mr. Blankenship's] right to drive shall be reinstated pending further Order of this Court regarding the outcome of this petition."

The DMV now seeks a writ of prohibition from this Court to prevent the circuit court from enforcing its May 8, 2019 *ex parte* order granting a stay of Mr. Blankenship's driver's license revocation during the pendency of the circuit court proceedings and ordering the DMV to compile and file a record of the administrative proceedings regarding Mr. Blankenship's license revocation.

**II.**

**STANDARD FOR ISSUANCE OF WRIT**

The issue presented by both of these petitions for prohibitory relief concerns the circuit court's interpretation and application of the statutory law governing a driver's request for a stay of the administrative revocation of his/her driver's license while the appeal of that ruling is pending in circuit court. In cases involving a circuit court's determination of matters as to which a statute provides guidance, we previously have held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995). *See also* Syl. pt. 1, *Chrystal R.M. v.*

7

*Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

Furthermore, the instant cases are before the Court as petitions for a writ of prohibition. As an extraordinary remedy, the writ of prohibition is granted only in exceptional cases. In other words,

> "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1953).

Syl. pt. 2, *Cowie v. Roberts*, 173 W. Va. 64, 312 S.E.2d 35 (1984). *Accord* Syl. pt. 10, in part, *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968) ("[P]rohibition may be invoked when it clearly appears that the trial court is without jurisdiction or has exceeded its legitimate powers."). *See also* Syl. pt. 2, *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 239 S.E.2d 660 (1977) ("Prohibition will lie to prohibit a judge from exceeding his legitimate powers."). In cases involving a lack of jurisdiction, we have held that "[w]hen a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syl. pt. 10, *Jennings v. McDougle,* 83 W. Va. 186, 98 S.E. 162 (1919). However, where it is claimed that a circuit court has jurisdiction over a matter but allegedly has exceeded it, our standard for determining whether a writ of prohibition should issue is as follows:

8

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Guided by these standards, we proceed to consider the questions raised by the parties.

## III.

## DISCUSSION

Because each of the matters in this consolidated case presents different issues for this Court's resolution, we will consider the parties' arguments in each matter separately.

### A. Case Number 19-0754: Dylan Price

In this matter, the DMV contends that the circuit court erred by accepting Mr. Price's petition for review and granting him a stay of his driver's license revocation

because the court lacked jurisdiction to do so. The DMV explains its position by stating that because the OAH deemed Mr. Price's request for an administrative hearing to be untimely and, thus, refused to grant him an administrative hearing, the OAH did not render a final decision on Mr. Price's challenge to the DMV's revocation order. As a result, the DMV argues that Mr. Price's petition for review to the circuit court did not involve a "contested case" as required for the circuit court to have jurisdiction pursuant to the provision of the West Virginia Administrative Procedures Act ("the Act"), *i.e.*, West Virginia Code section 29A-5-4 (LexisNexis 2018), referenced in the circuit court's order. Mr. Price disagrees and contends that his request for review was properly considered by the circuit court.[3]

Whether the circuit court had jurisdiction to entertain Mr. Price's request for relief is governed by statutory law, namely various provisions of the Act and West Virginia Code section 17C-5A-2, which pertains to the review of an administrative revocation of a driver's license. *See generally W. Va. Bd. of Med. v. Spillers*, 187 W. Va. 257, 259, 418 S.E.2d 571, 573 (1992) ("[P]rocedures for appeals of decisions by administrative agencies are governed by the State Administrative Procedures Act."). In matters involving statutes, we are bound by the rules of statutory construction. We first must determine the Legislature's intent in enacting the provision. *See* Syl. pt. 1, *Smith v. State Workmen's*

---

[3]The DMV also raises additional issues similar to those advanced in Mr. Blankenship's case. *See* note 4, *infra*.

*Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). Then, we consider the precise words employed in the enactment. Where such language is plain, we apply the subject statutory language as written without any further interpretation. *See* Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968) ("Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation."); Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.").

To determine whether the circuit court had jurisdiction to consider Mr. Price's review petition, we first look to the statute the circuit court cited in support of its jurisdictional finding. Pursuant to West Virginia Code section 29A-5-4(a), "[a]ny party adversely affected by a final order or decision in a *contested case* is entitled to judicial review thereof under this chapter[.]" (Emphasis added). We find this language to be plain because we previously have recognized that "this [S]tate's [A]dministrative [P]rocedures [A]ct . . . generally provides for judicial review of *contested* administrative *cases*[.]" *Johnson v. Comm'r, Dep't of Motor Vehicles*, 178 W. Va. 675, 677, 363 S.E.2d 752, 754 (1987) (emphasis added).

11

The Act further defines a "contested case," in pertinent part, as "a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." W. Va. Code § 29A-1-2(b) (LexisNexis 2018). We previously have considered this statutory definition of a "contested case" and held as follows:

> Our Administrative Procedures Act, W. Va. Code, 29A-1-2(b), defines a contested case before an agency as a proceeding that involves legal rights, duties, interests, or privileges of specific parties which are required by law or constitutional right to be determined after an agency hearing. Thus, an agency must either be required by some statutory provision or administrative rule to have hearings or the specific right affected by the agency must be constitutionally protected such that a hearing is required.

Syl. pt. 1, *State ex rel. W. Va. Bd. of Educ. v. Perry*, 189 W. Va. 662, 434 S.E.2d 22 (1993). Likewise, we find this language to plainly require, as it pertains to the instant proceeding, an administrative agency to hold a hearing and issue a decision of the matter following the hearing. These requirements are further reflected in the statute granting Mr. Price the ability to challenge the DMV's decision to revoke his driver's license for DUI:

> Written objections to an order of revocation or suspension under the provisions of section one of this article or section seven, article five of this chapter shall be filed with the Office of Administrative Hearings. Upon the receipt of an objection, the Office of Administrative Hearings shall notify the Commissioner of the Division of Motor Vehicles, who shall . . . afford the person an opportunity to be heard by the Office of Administrative Hearings. The written objection must be filed with [the] Office of Administrative Hearings in person, by registered or certified mail, return receipt requested, or by facsimile transmission or electronic mail within thirty calendar days after receipt of a copy of the order of revocation or suspension or no hearing will be granted . . . . The hearing

12

shall be before a hearing examiner employed by the Office of Administrative Hearings who shall rule on evidentiary issues. . . . Upon consideration of the designated record, the hearing examiner shall, based on the determination of the facts of the case and applicable law, render a decision affirming, reversing or modifying the action protested. The decision shall contain findings of fact and conclusions of law and shall be provided to all parties by registered or certified mail, return receipt requested, or with a party's written consent, by facsimile or electronic mail.

W. Va. Code § 17C-5A-2(a) (LexisNexis 2017). We also find this language to be clear and note that the method for requesting a hearing to challenge the revocation ruling, as well as the time period within which the request must be made, are reiterated in both the revocation notice sent to Mr. Price and the administrative hearing request form he submitted, but which the OAH rejected as untimely filed.

Moreover, as the definition of a "contested case" specifically requires, and as the revocation review statute also recognizes, an administrative hearing must not only be requested for a matter to constitute a "contested case." Rather, the agency also must actually hold the hearing and issue a decision to render a case "contested." *See, e.g.*, *State ex rel. Miller v. McGraw*, No. 12-0380, 2012 WL 3155761, at *3 (W. Va. May 30, 2012) (memorandum decision) (finding that "the subject license revocation is not a 'contested case' within the definition of the [Act]" because the driver failed to appear at the administrative hearing he had requested to challenge his license revocation, and, thus, "because there was no administrative hearing, there was nothing to make this . . . a contested case within the definition of W. Va. Code § 29A-1-2(b)"); Syl. pt. 9, in part, *State*

13

*ex rel. Miller v. Reed*, 203 W. Va. 673, 510 S.E.2d 507 (1998) ("Where an administrative hearing is not held in a driver's license revocation case because the holder of the driver's license failed to pursue his administrative remedies, a circuit court does not have jurisdiction to grant . . . relief with respect to issues which are capable of resolution under the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to 29A-7-4 (1998)."); *Cowie v. Roberts*, 173 W. Va. 64, 312 S.E.2d 35 (1984) (finding circuit court did not have jurisdiction to grant motorist relief where motorist failed to request administrative hearing to challenge suspension of his driver's license). This is so because, "[u]nder the Administrative Procedures Act, the task of the circuit court is to determine whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *W. Va. Health Care Cost Review Auth. v. Boone Mem'l Hosp.*, 196 W. Va. 326, 335, 472 S.E.2d 411, 420 (1996) (internal quotations and citations omitted). Thus, where "there [i]s no administrative hearing before the Division by the Commissioner, there [i]s no 'contested case' within the meaning of West Virginia Code § 29A-1-2 of the [Act]." *Reed*, 203 W. Va. at 683, 510 S.E.2d at 517.

Here, it is undisputed that the OAH did not hold a hearing regarding the revocation of Mr. Price's driver's license because it found his request to be untimely filed. In fact, the failure to hold a hearing is one of the errors Mr. Price assigns in the petition for review he filed in the circuit court. Nevertheless, as the preceding authorities make clear, a circuit court has jurisdiction under the Act to review only "contested cases." *See* W. Va. Code § 29A-5-4(a). Therefore, because the OAH did not hold a hearing to review the

propriety of Mr. Price's license revocation, the instant matter does not meet the definition of a "contested case" so as to confer jurisdiction on the circuit court to consider the petition for review therein filed by Mr. Price. *See* Syl. pt. 9, in part, *Reed*, 203 W. Va. 673, 510 S.E.2d 507. *See also* Syl. pt. 1, *Cowie*, 173 W. Va. 64, 312 S.E.2d 35 ("'The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.' Syl. pt. 1, *Daurelle v. Traders Federal Savings & Loan Association*, 143 W. Va. 674, 104 S.E.2d 320 (1958).").

Moreover, where, as here, a circuit court does not have jurisdiction over a matter, the proper course is to dismiss the proceeding from the circuit court's docket as we recently held in Syllabus point 5 of *Holly v. Feagley*, 242 W. Va. 240, 834 S.E.2d 536 (2019):

> "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).

*Accord McGraw*, No. 12-0380, 2012 WL 3155761; Syl. pt. 5, *State ex rel. Dale v. Stucky*, 232 W. Va. 299, 752 S.E.2d 330 (2013) (per curiam). *See also* Syl. pt. 3, *Richmond v. Henderson*, 48 W. Va. 389, 37 S.E. 653 (1900) ("Where a justice has no jurisdiction of a civil action, neither has a circuit court on appeal, though such circuit court would have original jurisdiction in the case, and therefore such court must dismiss the action for want

15

of jurisdiction."). Accordingly, we find that the circuit court exceeded its jurisdiction by entering its August 16, 2018 order whereby it granted relief to Mr. Price by staying the revocation of his driver's license and requiring the DMV to produce the underlying administrative record. As such, we grant as moulded the writ of prohibition requested by the DMV[4] and direct the Circuit Court of Boone County to dismiss[5] the matter in which it entered its August 16, 2018 order.

### B. Case Number 19-0755: Nicholas Blankenship

In this matter, the DMV contends that the circuit court erred by entering its May 8, 2019 *ex parte* order staying the revocation of Mr. Blankenship's driver's license and ordering the DMV to produce the record of the underlying administrative proceedings. To support its argument, the DMV states that West Virginia Code section 17C-5A-2(s) establishes precise procedures that a circuit court is required to follow when issuing a stay of an administrative license revocation and also directs which party is responsible for compiling the administrative record to be considered by the circuit court. By contrast, Mr.

---

[4]Because we have determined that the DMV is entitled to the prohibitory relief it seeks with regard to Mr. Price's circuit court proceeding, we need not consider the additional issues raised by the DMV in this matter. *See supra* note 3.

[5]Should Mr. Price wish to pursue his challenge of the OAH's decision to deny his request for an administrative hearing regarding the revocation of his driver's license because it found his request to be untimely filed, he may apply for a writ of mandamus in the Circuit Court of Kanawha County. *See generally Holly v. Feagley*, 242 W. Va. 240, 834 S.E.2d 536 (2019); *Williams v. W. Va. Div. of Motor Vehicles*, 226 W. Va. 562, 703 S.E.2d 533 (2010) (per curiam); *State ex rel. Miller v. Reed*, 203 W. Va. 673, 510 S.E.2d 507 (1998).

Blankenship responds that the circuit court did not err in its rulings staying the revocation of his driver's license and ordering the DMV to prepare the administrative record of his license revocation proceedings. We will address the issues raised by the DMV in turn.

**1. Stay of administrative revocation of driver's license.** The DMV first argues that the circuit court erred by entering an *ex parte* order staying Mr. Blankenship's license revocation. As with our resolution of the DMV's petition for writ of prohibition in Mr. Price's matter, the DMV's petition for writ of prohibition in this case also is governed by statutory law, and our consideration of the relevant language is guided by the rules of statutory construction. *See generally* Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (holding that effect must be given to the Legislature's intent); Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (accepting plain meaning of clear and unambiguous statutory language); Syl. pt. 5, *State v. Gen. Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (applying clear statutory language without further interpretation).

A circuit court has the authority to stay the administrative revocation of a driver's license to operate a motor vehicle in this State while the driver's appeal of the administrative ruling is pending in the circuit court. However, this authority is not unlimited but, rather, is clearly defined both in its scope and in the manner in which such relief is to be granted. Pursuant to the relevant language of West Virginia Code section 17C-5A-2(s), paragraph 2,

> [a] person whose license is at issue and the commissioner shall be entitled to judicial review [of the OAH's final order] as set forth in chapter twenty-nine-a of this code. Neither the commissioner nor the Office of Administrative Hearings may stay enforcement of the order. *The court may grant a stay or supersedeas of the order only upon motion and hearing, and a finding by the court upon the evidence presented, that there is a substantial probability that the appellant shall prevail upon the merits and the appellant will suffer irreparable harm if the order is not stayed: Provided, That in no event shall the stay or supersedeas of the order exceed one hundred fifty days.* . . .

(Emphasis added).

We previously have considered this statutory language, found it to be plain, and held that a circuit court has discretion as to whether to grant the requested stay, but that the aggrieved motorist must first request a stay by motion, the circuit court must hold a hearing on the motorist's stay motion, and the circuit court must make the findings required by statute before it may grant the stay:

> "Before any stay may be granted in an appeal from a decision of the Commissioner of the Department of Motor Vehicles revoking a driver's license, the circuit court must conduct a hearing where evidence is adduced and, 'upon the evidence presented,' must make a finding that there is a substantial probability that the appellant will prevail upon the merits and that he will suffer irreparable harm if a stay is not granted." Syllabus Point 2, *Smith v. Bechtold*, 190 W. Va. 315, 438 S.E.2d 347 (1993).

Syl. pt. 2, *State ex rel. Miller v. Karl*, 231 W. Va. 65, 743 S.E.2d 876 (2013). Thus, "if the circuit court grant[s] the stay without conducting evidentiary hearings and without meaningfully analyzing the evidence adduced during the hearings, [t]he [circuit court has]

18

exceeded the legitimate powers granted to [the court] under the statute." *Bechtold*, 190 W. Va. at 320, 438 S.E.2d at 352.

Moreover, the circuit court may grant the requested stay only if it specifically finds that "there is a substantial probability that the [driver] shall prevail upon the merits and the [driver] will suffer irreparable harm if the order is not stayed." W. Va. Code § 17C-5A-2(s). In this regard, we specifically have held that

> [a] proffer is not sufficient to satisfy the evidentiary requirements of West Virginia Code § 17C-5A-2(s) (201[5]) for proof of irreparable harm. A stay or supersedeas of the order issued pursuant to West Virginia Code § 17C-5A-2(s) must contain findings of fact and conclusions of law which demonstrate that the circuit court has, upon the testimony or documentary evidence presented, made a finding that the appellant will suffer irreparable harm if the order is not stayed.

Syl. pt. 3, *Karl*, 231 W. Va. 65, 743 S.E.2d 876.

Finally, if the court stays the revocation order, such stay is limited to one hundred fifty days. *See* Syl. pt. 4, *Karl*, 231 W. Va. 65, 743 S.E.2d 876 ("A stay or supersedeas of the order issued pursuant to W. Va. Code § 17C-5A-2(s) (201[5]) must contain an express provision limiting the duration to no more than 150 days, although the circuit court is not precluded from issuing consecutive stays for good cause shown.").

During the proceedings below, Mr. Blankenship, as part of his "PETITION FOR REVIEW OF ADMINISTRATIVE ORDER," requested the circuit court to stay his

driver's license revocation during the pendency of the circuit court proceedings. However, it is undisputed that the circuit court did not hold a hearing on Mr. Blankenship's request for a stay insofar as it entered its *ex parte* order granting the stay on the *same day* that Mr. Blankenship filed his review petition in the circuit court. Neither did Mr. Blankenship aver that there was a "substantial probability" that he would prevail on the merits of his appeal or that he would "suffer irreparable harm" if the circuit court did not grant the stay as required by the express language of West Virginia Code section 17C-5A-2(s). Nor did the circuit court make findings as to either of these points in its May 8, 2019 order granting Mr. Blankenship's requested stay. In fact, the only part of the statutory provisions for granting a stay that the circuit court followed in this case concerns the length of the stay because, in awarding Mr. Blankenship the stay he had requested, the circuit court limited it to "a period of 150 days."

Because both the clear statutory language of West Virginia Code section 17C-5A-2(s) and the prior decisions of this Court considering this language dictate that a circuit court does not have the discretion to ignore these guidelines, but, rather, must faithfully follow these strictures in staying an administrative revocation of a driver's license, we find that the circuit court erred as a matter of law in granting the stay in Mr. Blankenship's case when it failed to follow the prescribed procedure for granting a stay. In this regard, the circuit court did not hold a hearing on Mr. Blankenship's request for a stay, did not take evidence as to whether Mr. Blankenship would substantially prevail on the merits of his appeal and whether he would be irreparably harmed if his license

20

revocation was not stayed, and did not make findings as to Mr. Blankenship's likelihood of success on appeal or the harm he would suffer absent a stay. Accordingly, we find that the DMV is entitled to the relief it requests in this regard and grant the writ of prohibition to prevent the circuit court from enforcing the stay issued to Mr. Blankenship in its May 8, 2019 order.

**2. Preparation of record of administrative proceedings.** The DMV additionally argues that the circuit court erred by requiring it to prepare the record of the administrative proceedings for Mr. Blankenship's appeal of his license revocation to the circuit court. This issue also is governed by statutory law, namely West Virginia Code section 17C-5A-2(s), paragraph 2, and the rules of statutory construction again guide our analysis. *See generally* Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361; Syl. pt. 2, *Elder*, 152 W. Va. 571, 165 S.E.2d 108; Syl. pt. 5, *Gen. Daniel Morgan*, 144 W. Va. 137, 107 S.E.2d 353.

Here, the DMV argues that the circuit court erroneously ordered it to prepare and submit the administrative record upon which Mr. Blankenship's appeal to the circuit court is based. The preparation of the administrative record on appeal from an administrative license revocation proceeding is governed by West Virginia Code section 17C-5A-2(s), the pertinent part of which provides:

> *The party filing the appeal* shall pay the Office of Administrative Hearings for the production and transmission of the certified file copy and the hearing transcript to the court.

21

Notwithstanding the provisions of section four, article five of said chapter, the Office of Administrative Hearings may not be compelled to transmit a certified copy of the file or the transcript of the hearing to the circuit court in less than sixty days.

(Emphasis added). Unlike the other statutory language at issue in this matter, we have not previously considered this precise provision of West Virginia Code section 17C-5A-2(s). Nevertheless, we find the enactment to plainly require that the party filing the appeal to the circuit court is the party responsible for arranging for the preparation and submission of the administrative record to that tribunal.

In determining the meaning of statutory language, we look to the specific words employed by the Legislature to ascertain the legislative intent and meaning of the provision at issue. "It is not the prerogative of this Court to arbitrarily disregard the plain meaning of clearly written statutes." *McVey v. Pritt*, 218 W. Va. 537, 540, 625 S.E.2d 299, 302 (2005). Instead, "the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syl. pt. 4, in part, *Gen. Daniel Morgan*, 144 W. Va. 137, 107 S.E.2d 353. Additionally, "courts may not find ambiguity in statutory language which laymen are readily able to comprehend . . . . Plain language should be afforded its plain meaning." *Crockett v. Andrews*, 153 W. Va. 714, 718-19, 172 S.E.2d 384, 387 (1970).

The portion of West Virginia Code section 17C-5A-2(s) that addresses the preparation of the administrative record specifically directs that the "[t]*he party filing the appeal* shall pay the Office of Administrative Hearings for the production and transmission of the certified file copy and the hearing transcript to the court." (Emphasis added). This language plainly directs the appealing party to arrange for the submission of the administrative record to the circuit court. In this case, Mr. Blankenship filed the appeal from the OAH's order in the circuit court, and, thus, Mr. Blankenship, and not the DMV, is the party responsible for ensuring the circuit court has the administrative record of the proceedings from which the appeal has been taken. Furthermore, the Legislature's use of the word "shall" in this context makes this directive to the appealing party mandatory. *See, e.g.*, Syl. pt. 1, *Nelson v. W. Va. Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982) ("It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation."); Syl. pt. 2, *Terry v. Sencindiver*, 153 W. Va. 651, 171 S.E.2d 480 (1969) ("The word 'shall' in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation.").

Therefore, we conclude that the circuit court erred by disregarding the plain, and mandatory, statutory language of West Virginia Code section 17C-5A-2(s) that imposes upon the party appealing from the OAH to the circuit court the duty of arranging for the preparation of the record of the underlying administrative proceedings by paying the OAH "for the production and transmission of the certified file copy and the hearing

23

transcript" because the circuit court improperly shifted this burden to the non-appealing party. Accordingly, we grant the writ of prohibition requested by the DMV on this ground and prohibit the circuit court from enforcing its May 8, 2019 order requiring the DMV, as the non-appealing party, to file the administrative record with the circuit court.

## IV.

## CONCLUSION

For the reasons explained in this opinion, we grant as moulded the requested writ of prohibition in Case Number 19-0754 and direct the Circuit Court of Boone County to dismiss the matter in which it entered its August 16, 2018 order. Furthermore, in Case Number 19-0755, we grant the requested writ of prohibition and prohibit the Circuit Court of Boone County from enforcing its May 8, 2019 order.

Case Number 19-0754 – Writ Granted as Moulded.

Case Number 19-0755 – Writ Granted.

24